## THE STATE, *ex rel.* AYRES, v. STOCKWELL.

1. PRACTICE—*Motion to quash, Demurrer.* A motion to quash an alternative writ of mandamus on the ground that such writ does not state facts sufficient to entitle the relator to the relief sought, is equivalent to a demurrer to a petition in an ordinary action.

2. MANDAMUS—*When it will not be issued.* The writ of mandamus is an extraordinary remedy, to be resorted to whenever there is no other appropriate remedy. It will not be issued in any case where the applicant has a plain and adequate remedy in the ordinary course of the law for his supposed injury.

3. CHAP. 27, LAWS OF 1869, CONSTRUED—*Furnishes an adequate remedy to contest elections.* Chapter 27, Laws of 1869, provides a plain and adequate remedy in the ordinary course of law; and an elector seeking to avoid an election to relocate a county-seat on the ground that such election is illegal, must pursue such remedy, and cannot contest

the same by mandamus to compel the county officers to remove their offices from one contestant for the county-seat to another. In proceedings to contest an election for the relocation of the county-seat, under the provision of said act of 1869, the inquiry may extend to matters anterior to the election itself, as to the sufficiency of the notice of election, and the order of the county commissioners for an election.

## Original Proceedings in Mandamus.

ON the 21st of May, 1870, an election was held in Ottawa county for the relocation of the county-seat. The places voted for were Lindsey and Minneapolis; and on a canvass of the votes by the board of county commissioners, such board declared that Minneapolis had received a majority of all the votes cast, and made an order requiring the county officers to move their offices from Lindsey to Minneapolis. Pursuant to such order the county officers, on or about the 1st of June, 1870, did remove their offices, and the books, papers, and records thereof to Minneapolis, and there held and kept the same.

On the first day of September, 1870, *Seymour Ayres*, as relator, filed in this court his petition for an alternative writ of *mandamus*, requiring *William H. Stockwell*, as clerk of the district court, *A. C. Steele*, as county clerk, and *F. M. Ivy*, as register of deeds, of Ottawa county, to remove their respective offices and the books, papers, and records thereof, to Lindsey, and there hold and keep the same. The writ was issued requiring respondents to so remove, or to show cause, by the 4th day of January, 1871, why they refused to do so. The relator, *Ayres*, as appears by said alternative writ, alleged that said election of May 21st was illegal, because there had been no proper order made made by the commissioners for an election for the removal of the county-seat, (§ 1 ch. 26, Gen.

Stat.,) and because no legal notice had been given or posted thirty days prior to the day fixed for holding the same, as required by § 5 of said ch. 26.

The respondents appeared and moved to quash the alternative writ of mandamus, on the ground that it did not state facts sufficient to entitle the relator to the relief sought.

*A. L. Williams* and *John Guthrie*, for the relator, and *James M. Spencer*, for the respondents, appeared at the hearing of said motion, and made oral arguments. No briefs were filed.

The opinion of the court was delivered by

BREWER, J.: This is an application for a mandamus compelling defendants, who are alleged to be county officers of Ottawa county, to remove their offices with all records, books, and papers to the town of Lindsey in said county. The respondents have moved to set aside and quash the alternative writ heretofore issued, on the ground that the same does not state facts sufficient to entitle the relator to the relief sought. This motion to set aside is equivalent to a demurrer to a. petition in an ordinary action.

1. PRACTICE, motion to quash; demurrer.

II. The question to be decided in this case is not whether the relator is entitled to relief, but whether the is entitled to relief in this way, that is, by mandamus. "This writ may not be issued in "any case where there is a plain and adequate "remedy in the ordinary course of the law;" § 689, civil code. It appears from the writ that the respondents removed their offices from Lindsey to Minneapolis about the first of June, 1870, alleging as a reason therefor that

2. MANDAMUS will not lie where party has a plain and adequate remedy.

at an election held on the 21st of May, 1870, for the reloca-
tion of the county-seat of Ottawa county, the town of
Minneapolis received a majority of all the votes cast, and
that the county commissioners duly canvassed the votes,
declared the result, and required them to move their
offices to Minneapolis. The relator further alleges, (as
shown by said writ,) that such supposed election was
invalid because no sufficient order for such election was
ever made by the county commissioners, and no notice
of an election on said 21st day of May ever given or
posted. These allegations present a question as to the
*validity of the election* of May 21st, 1870. The act of 3d
March, 1869, (ch. 27, p., 101, *) furnishes a plain and ade-
quate mode in the ordinary course of law for testing such
question by contesting the election. The fact that the
time in which relator could initiate such contest has
passed, makes no difference. If he ever had the right,
and has slept upon that right, he cannot now plead his
own laches as a ground for obtaining a remedy which
otherwise he would not be entitled to.

III. But counsel for the relator claims that the errors
he presents as vitiating that election are such as cannot

3. Ch. 27, Laws of
1869, construed.
Held to afford
an adequate
remedy.

be inquired into in proceedings under said
ch. 27, Laws of 1869; that in proceedings un-
der said act the inquiry is limited to the recep-
tion of illegal or rejection of legal votes, the conduct of
the judges, the form of the returns, and other circum-
stances of the voting and canvass of the votes. The
errors alleged in this case are antecedent to the vote, and
in matters upon which the right to have a vote depends.

[ * SAID ch. 27, Laws of 1869, was repealed by ch. 79, Laws of 1871, p. 190. The lat-
ter act provides that elections may be contested in certain cases by proceedings in man-
damus, and in other cases by proceedings in actions brought to obtain a perpetual in-
junction.]

Notwithstanding something of ambiguity in the language we are constrained to the opinion that the construction claimed is an undue restriction of the meaning and reach of the act. Section one gives the elector the "right to contest the validity of the vote." Now, the "*validity*" of the vote depends as much on the steps anterior to the opening of the polls, as on the manner of opening the polls and receiving the ballots. It is a general, comprehensive term, and includes all those matters and things which go to affect the conclusiveness of the result sought to be attained by the vote. Again, section eight provides that if upon the trial the court finds "that illegal votes were cast, * * * by reason whereof, or for any other reason, whether the same be illegal votes or illegality of any kind in the election, *or any proceeding therewith connected*, the result of said election or vote thereupon * * is contrary to law, * * * it shall be the duty," etc. Section nine also reads: "But if said court * * * find that the result of said election or vote would not by reason of illegal votes, *or other sufficient cause affecting its legality*," etc. These two sections seem to us to strengthen the construction we have placed on the language used in the first section.

It appearing to us therefore that the relator had a sufficient remedy under said act, we sustain the motion to set aside the writ at the costs of the relator. *

All the Justices concurring.