NETTIE COLLET V. WILLIAM M. ALLISON.

(*Opinion Filed June 27, 1890.*)

1. MANDAMUS—*Remedy at Law.*—The writ of *mandamus* will not be awarded when the relator has a plain and adequate remedy at law.

2. EXTRAORDINARY REMEDY—*How Commenced.*—The writ of *mandamus* is one of the extraordinary remedies, resorted to in cases where the usual modes of procedure cannot furnish the desired relief, and should be commenced in the name of the sovereign power on the relation of the party aggrieved.

*Petition for Writ of Mandamus.*

*Huston & Hamilton* and *C. W. Kerns,* for the relator. *Horace Speed,* for respondent.

The opinion of the court was delivered by

CLARK, J.: The plaintiff complained that on the 22d day of May, 1890, she was arrested by the United States deputy marshal on a warrant issued by W. M. Allison, a United States circuit court commissioner, district of Kansas, and exercising jurisdiction in the Territory of Oklahoma, charging her with converting the sum of $310 in money, which she had in her possession as bailee, the same being the property of one W. W. Barbarick; that said United States officers took from her the said sum of $310, which was delivered to the defendant, Allison; that on the 27th day of May, 1890, the said defendant, W. M. Allison, sitting as an examining magistrate, found that there was no probable cause to believe that this plaintiff was guilty, and thereupon dismissed said criminal action and discharged this plaintiff; and that said defendant, W. M. Allison, although requested to deliver said money to the plaintiff, Nettie Collet, refused and still refuses so to do.

The plaintiff prayed for an alternative writ of mandamus requiring said defendant to pay the same over to

the plaintiff in this action, or show cause before this court why he has not done so.

The petition is verified by the plaintiff's attorney, who swore that the same was true as he verily believed.

Huston and Hamilton appeared for the petitioner, and Horace Speed for the defendant, W. M. Allison.

This is one of those extraordinary remedies resorted to in cases where the usual modes of procedure cannot furnish the desired relief, and shall be commenced in the name of the sovereign power, on complaint of the aggrieved party.

The statute requires that the motion for a writ must be based upon an affidavit. (Statute of Nebraska, p. 945, Sec. 649). The petition in this case cannot in this hearing be treated as an affidavit. The verification does not arise to even that degree of proof.

The statute further provides that this writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law (p. 945, sec. 646). This is the general rule recognized by all the courts. Not only does the petition fail to negative the idea that the plaintiff has any other mode of redress, but it is apparent that she has an adequate legal remedy by an action at law against the defendant, W. M. Allison, where an issue can be joined and tried by a jury. (4 Neb. 260; 8 Id 98).

The petition is therefore denied.

All the justices concuring.