## S. A. STEWARD v. TERRITORY OF OKLAHOMA *ex rel.* J. H. WOODS, *County Attorney.*

MANDAMUS—*Remedy at Law.* The writ of *mandamus* will not be awarded when the relator has a plain and adequate remedy at law. The writ of *mandamus* is one of the extraordinary remedies resorted to in cases where the usual modes of procedure cannot furnish the desired relief. (*Collet v. Allison,* 1 Okla. 42, followed.)

*Appeal from the District Court of Oklahoma County.*

This is a proceeding in *mandamus* commenced in the district court of Oklahoma county by the Territory of Oklahoma *ex rel.* J. H. Woods, county attorney, to compel S. A. Steward to pay to the county certain moneys collected by S. A. Steward as probate judge for issuing and recording marriage licenses. Defendant below demurred to the petition, which demurrer was by the court overruled, and judgment awarded as prayed for in the writ. The opinion states the facts.

*S. A. Steward, J. Milton,* and *Asp, Shartel & Cottingham,* for appellant.

*J. H. Woods* and *J. L. Brown,* for appellees.

The opinion of the court was delivered by

DALE, C. J.: April 20, 1894, J. H. Woods, county attorney of Oklahoma county, on the relation of the

Territory of Oklahoma, filed a petition for *mandamus* in the district court of Oklahoma county against S. A. Steward. In substance the petition states that Steward was on the 23d day of February, 1891, the duly elected and qualified probate judge of Oklahoma county and Territory of Oklahoma; that during his continuance in office he issued and recorded marriage licenses for which services under the law he collected the sum of $1,280; that said Steward admits the issuance and recording of such licenses and the collection by him of the moneys, and that he has not paid any part thereof into the county treasury of the county; and that he claims the right to retain said money under the law, for his services as such probate judge. The defendant below demurred to the petition upon the ground, *first*, that the petition failed to state a cause of action, and *second*, for the reason that the law did not require him to turn over to the county treasury the money referred to in the petition. The matter was heard by the court, and from an examination of the record it does not appear that the first ground alleged in the demurrer was seriously urged in the court below, but that the case was decided upon the question raised as to whether the law required tha probate ⸓judge to pay the moneys collected from such sources into the county treasury, or whether he might keep the same to compensate him for his services performed in the issuing and recording of the marriage licenses. In this court, by brief, counsel urge that *mandamus* will not lie in a case of this character; that the plaintiff below had an adequate remedy at law, and that the demurrer should have been sustained upon the ground that the petition failed to state a cause of action.

Under the law of this Territory as found in § 717, art. 33, ch. 66, procedure civil, it is found that this writ may

not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. This same statute, in effect was passed upon by the supreme court of this Territory in *Collet v. Allison*, 1 Okla. 42, and in the opinion filed in that case, Clark, J. speaking for the court, said:

"The statute further provides that this writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. This is the general rule recognized by all the courts. Not only does the petition fail to negative the idea that the plaintiff has any other mode of redress, but it is apparent that she has an adequate legal remedy by an action at law against the defendant."

The statute which we now have is adopted from Kansas, and is the same, in effect, which has always been in force in that state. In *State ex rel, McCrillus*, 4 Kan. 250, it was held that:

"The law is that this writ shall not be issued when there is a plain and adequate remedy in the ordinary course of law. The facts show that the money is now in the hands of the treasurer; that it is due the relator, and he refused to pay it over. Is there not a plain and adequate remedy in the ordinary course of the law? An action against the treasurer on his bond is as plain a remedy as a suit upon a note against a delinquent debtor. And if, as was suggested by counsel on both sides, the question of the validity of the bond is to be raised, such an action is a more appropriate one to try that question than is afforded by this writ."

Again, in *State ex rel. Stockwell*, 7 Kan. 98, it is held:

"The writ of *mandamus* is an extraordinary remedy to be resorted to whenever there is no other appropriate remedy. It will not be issued in any case where the applicant has a plain and adequate remedy in the ordinary course of the law for his supposed injury."

In *State ex rel. Elsbree v. Bridgman*, 8 Kan. 858, it was held that:

" *Mandamus* is not a fit or appropriate remedy to enforce an ordinary bailee to execute the terms of the bailment."

And in that case it was claimed that a county treasurer was holding money arising from the sale of bonds, and that a portion of the money was due the relator, which the treasurer refused to pay. It was held that a suit upon the bond of the treasurer afforded an ample remedy.

In *Evans v. Thomas*, 32 Kan. 469, the court said:

"Writs of *mandamus* are not allowed to parties in any case as a mere matter of course. They are allowed only when parties have rights to enforce and then only when they have no other plain and adequate remedy in the ordinary course of the law, and only when justice would be likely to be defeated or frustrated unless the writ of *mandamus* be allowed."

This case was followed by *State v. Hannon*, 38 Kan. 593, wherein the court stated the law thus:

"All that is sought by the proceedings is to enforce the payment of the salaries and claims of officers and servants of the city. Their claims are not unlike those due from the city to any ordinary creditor; and hence there is no occasion to invoke the extraordinary aid of the courts by *mandamus*. *Mandamus* is one of the extraordinary writs and is never issued when there is a plain and adequate remedy in the ordinary course of the law."

Upon the same subject High on Ex. Rem. § 341 states:

"In conformity with the general rule it is held that *mandamus* will not lie to municipal authorities requiring them to pay salaries which are due from the corporation to its officers, a salary being regarded as an indebtedness of the corporation which may be enforced by action in *assumpsit*, and *mandamus* is not designed as a remedy for the collection of debts."

So to, Merril on Mandamus, § 68, has stated the proposition as follows:

"This writ was designed only to meet emergencies to prevent a failure of justice. The courts intend that it shall be reserved for extraordinary occasions, and require litigants to use all available means to obtain the enforcement of their rights before they apply to the court for the assistance of this writ."

In the case under consideration the sole purpose for which the writ is prayed is to collect what it is claimed is due from the probate judge to the county. Probate judges, under our law, are required to give bonds for the faithful performance of their duty, and for the purpose of securing to any persons who may be interested any funds which may come into their possession by virtue of their office. The petition in the case fails to show that there is any reason whatever to believe that any loss will accrue to the county in case they are put to their remedy at law, and we can see no good reason why this extraordinary power of the court should be invoked.

By this decision we do not intend to hold that no case may arise wherein that court would not be justified in using this prerogative writ for the purpose of compelling an officer to surrender money which came into his possession by virtue of his office. Many cases might arise where a successor in office could not properly administer the functions of the office unless the money which belonged to the office was surrendered to the successor, together with all other things pertaining to the office. But in the case under consideration we think the petitioner has failed to show any reason why he may not go to his action at law and secure to the county everything which might be secured by the remedy invoked; and it also appears that there is a disputed question between the parties as to the liability of the defendant below to

the county by reason of having collected this money That question should be considered in an action brought upon the bond, where the defendant may have a full op-portunity of being heard.

The judgment of the lower court is reversed, and the cause remanded with directions to dismiss the same.

Bierer, J. having presided at the trial of the cause in the court below, not sitting; all the other Justices concurring.