THE TERRITORY OF OKLAHOMA, *on the relation of* HERBERT D. CROSBY, *County Attorney of Caddo County, Oklahoma* v. CHARLES L. CRUM, *as Judge of the Probate Court in and for the County of Caddo and Territory of Oklahoma.*

(Filed June 25, 1903.)

1. MANDAMUS—What is. The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking the relief has no other legal remedy and the duty sought to be enforced is clear and indisputable. Both requisites must concur in every case.

2. SAME—Dismissed, When. Where it appears from the answer and return that a disputed question of fact must be tried, and which ought not to be tried in a proceeding for mandamus, the petition will be dismissed.

(Syllabus by the Court.)

*Original Application for Writ of Mandamus.*

*Herbert D. Crosby,* County Attorney of Caddo County, and *J. C. Robberts,* Attorney General, for the territory, plaintiff in error.

*W. H. Criley,* for defendant in error.

Opinion of the court by

HAINER, J.: This is an original proceeding in this court brought by the territory, on relation of Herbert D.

Crosby, county attorney of Caddo county, against Charles L. Crum, as probate judge of said county, to compel the defendant, as such probate judge, to report to the board of county commissioners all fees collected and received by him in entering townsites and conveying the same to the occupants thereof, and at the same time to pay into the county treasury all fees received by him in such matters in excess of the amount allowed him by law as his annual salary, not exceeding the sum of $1600.00.

The material averments in the petition appear to be that the defendant, as probate judge of Caddo county, collected and received sundry fees from divers persons for services alleged to have been rendered by him while acting in the capacity of probate judge in entering townsites, and conveying the same to the occupants thereof, under and by virtue of the townsite laws of the United States that are in force in this territory. The plaintiff's action is based upon the sole ground that the probate judge refused to report such fees, and to pay the excess, if any, above his salary, into the county treasury. In our opinion the answer and return traverses all the material allegations contained in the petition, and clearly raises an issue of fact, upon which the defendant is entitled to a trial by jury.

This case comes clearly within the rule announced by this court in the case of *Steward v. Territory ex rel. Woods,* 4 Okla. 707, where it was held that: "The writ of mandamus will not be awarded when the relator has a plain and adequate remedy at law. The writ of mandamus is one of the extraordinary remedies resorted to in cases where the usual modes of procedure cannot furnish the desired relief. (*Collet v. Allison,* 1 Okla. 42 followed,)" and the authorities there cited.

The same doctrine has been repeatedly announced by the supreme court of the United States. In *Bayard v. White*, 127 U. S. 246, the rule is thus stated:

"The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy and the duty sought to be enforced is clear and indisputable. (*Knox County v. Aspinwall*, 24 How. 377, 383.) Both requisites must concur in every case."

In *Redfield v. Windom*, 137 U. S. 636, the court said:

"That the return showed disputed questions of law and fact, which ought not to be tried in a proceeding for a mandamus, and that this was sufficient cause for the discharge of the rule and the refusal to issue the writ."

For the reasons herein stated, the petition for a peremptory writ of mandamus must be dismissed.

Irwin, Gillette and Beauchamp, J. J., concurring; Burford, C. J., Burwell and Pancoast, J. J., dissenting.