[No. 5634. Decided January 3, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Carrie A. Krutz, Appellant,* v. WASHINGTON IRRIGATION COMPANY, *Respondent.*[1]

MANDAMUS—TO ENFORCE PRIVATE CONTRACT OF IRRIGATION COMPANY TO DELIVER WATER—ADEQUATE REMEDY AT LAW. Mandamus does not lie to compel an irrigation company to deliver water to a land owner pursuant to a private contract for water to irrigate the plaintiff's lands, since there is an adequate remedy at law in an action for damages. .

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered December 14, 1904, upon sustaining an objection to the introduction of testimony and withdrawing the case from the jury, denying an application for a writ of mandate to compel an irrigation company to deliver water. Affirmed.

*W. H. Bogle* and *H. J. Snively,* for appellant. The irrigation company is a common carrier of water, which involves the admission of the interest of the public in its operations and of limitations upon its power to contract. *Prescott Irr. Co. v. Flathers,* 20 Wash. 454, 55 Pac. 635; *Fallbrook Irr. Dist. v. Bradley,* 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369. Its contracts may be void because unreasonable. *Wheeler v. Northern Colorado Irr. Co.,* 10 Colo. 582, 3 Am. St. 603. Mandamus is the proper remedy. *Golden Canal Co. v. Bright,* 8 Colo. 144; *Merrill v. Southside Irr. Co.,* 112 Cal. 426, 44 Pac. 720; 17 Am. & Eng. Ency. Law (2d ed.), 523; Spelling, Extraordinary Relief, § 1592.

*Ira P. Englehart* and *E. F. Blaine,* for respondent.

HADLEY, J.—This is an action in mandamus. The affidavit in support of the application for the writ states, that the Washington Irrigation Company is a corporation, and

1Reported in 83 Pac. 308.

is the owner of an irrigating canal, commonly known as "Sunnyside" canal; that it is a common carrier of water for irrigation purposes, and is charged with the duty of furnishing water for irrigation of lands lying under said canal, upon reasonable compensation being tendered and made therefor; that the relator is the owner of certain described lands· lying under said canal, amounting to three hundred and twenty acres, more or less, which are arid and dependent upon irrigation to produce agricultural crops; that the relator holds a water deed and water right contract from and with said corporation for water to irrigate her said lands, which contract was executed in November, 1902; that said contract provides that she shall pay annually in advance to the irrigation company, on the first Monday in May of each year from the date of the contract, the sum of one dollar per acre, and in case of default in such payment for the period of thirty days after the same shall become due, the irrigation company shall have the right and option to refuse to furnish water until such rental and arrearages shall be paid in full; that the contract further provides that the irrigation company shall deliver to her a lateral or flume, to be connected with its main or branch canal nearest her land along the line of its right of way, at such point as to the company may seem most practicable, which lateral flume shall be located by the company and shall be constructed and maintained by the relator. The contract further requires that the company shall construct and maintain the necessary works of delivery, except the lateral flume, and shall place and maintain, at the point of delivery, suitable measuring boxes or gates.

The affidavit further states that one branch of the canal is about one-half mile from the north line of the relator's lands, and another branch runs near the west line thereof; that, desiring to cultivate her lands during the year 1904, she notified the company, about March 23 of that year, to designate the point on the canal from which the lateral to

her land should be constructed, and to locate the lateral; that she thereupon tendered to the company the sum of $320 in payment of the annual rental for water for the year 1904, and demanded the delivery of water to her lands during the season of said year; that thereupon the company did indicate that she should receive water through a certain small lateral, running across.the lands of one Eaton, but refused and still refuses to furnish her with any water whatever except on condition that she shall pay to the company the sum of $320, claimed by it for water rental for the year 1903, as well as the further sum of $320 as rental for the year 1904; that no water was delivered during the year 1903, and that the company never, at any time prior to March 28, 1904, designated the point from which a lateral to be constructed by the relator should receive water from the canal, and did not locate such lateral; that it has never at any time constructed the necessary works of delivery, and has not provided measuring boxes or gates.

On the above facts the relator asked the issuance of the writ of mandate, to compel the irrigation company to deliver water to her lands for the year 1904, and also to compel it to provide suitable measuring boxes or gates at the point of delivery of the water upon her lands. The company answered the affidavit, making issues thereon, and the cause came on for trial before a jury. A witness was sworn to testify, when the company objected to the introduction of any testimony, and moved that the cause be withdrawn from the jury and that it be dismissed, on the ground that the affidavit did not state facts sufficient to authorize the issuance of the writ of mandate. The objection was sustained, the motion granted, and judgment was entered dismissing the action. From the judgment the relator has appealed.

Appellant assigns as error that the court refused the admission of its offered evidence, and entered judgment of dismissal. She insists that mandamus is the proper remedy in the premises. It will be observed, from the foregoing state-

ment, that the parties entered into a contract by the terms of which respondent is to furnish water to appellant, under certain specified conditions. The contract is a private one between the parties. Appellant argues in her brief, however, that respondent is a public-service corporation, a common carrier of water, and that it is under the duty to furnish water to her lands, upon demand, and upon payment or tender of a reasonable compensation therefor. We need not examine the question as to whether respondent is a common carrier, with such public duties imposed upon it by law as may be enforced by mandate when there is no other adequate remedy. Appellant's application shows that she is not dependent upon the remedy which is provided for the enforcement of a mere public duty. It shows that she holds a private contract whereby respondent has obligated itself to furnish water. She can resort to the ordinary remedies upon that contract as in the case of any private contract.

In support of her contention that mandamus is the proper remedy here, she cites *Price v. Riverside Land & Irr. Co.,* 56 Cal. 431, and *McCrary v. Beaudry,* 67 Cal. 120, 7 Pac. 264. An examination of those cases, however, discloses that each was based squarely upon the theory that there was a refusal to discharge a public duty. It does not appear that a private contract between the parties existed in either case. Our statute provides that the writ of mandate will issue "where there is not a plain, speedy, and adequate remedy in the ordinary course of law." Bal. Code, § 5756. This is the general rule, and the courts hold that mandamus is a remedy to compel the performance of a duty required by law where the party seeking relief has no other adequate remedy, and where the duty sought to be enforced is clear and indisputable. *Board of Com'rs v. Aspinwall,* 24 How. 376, 16 L. Ed. 184; *Bayard v. United States ex rel. White,* 127 U. S. 246, 8 Sup. Ct. 1223, 32 L. Ed. 116; *United States ex rel. Redfield v. Windom,* 137 U. S. 636, 11 Sup. Ct. 197, 34 L. Ed. 811; *Territory ex rel. Crosby v. Crum,* 13 Okl. 9, 73 Pac. 297;

*State v. Paterson etc. R. Co.,* 43 N. J. L. 505. In *Florida etc. R. Co. v. State ex rel. Tavares,* 31 Fla. 482, 13 South. 103, 34 Am. St. 30, 20 L. R. A. 419, it was said that mandamus will not lie to enforce the performance of private contracts. See, also, *State ex rel. Poyser v. Trustees of Salem Church,* 114 Ind. 389, 16 N. E. 808; *Parrott v. Bridgeport,* 44 Conn. 180, 26 Am. Rep. 439; Merrill, Mandamus, § 16; High, Extr. Legal Rem. (3d ed.), § 25.

We think appellant has an adequate remedy upon her contract, and that mandamus does not lie. The judgment is affirmed.

MOUNT, C. J., FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.

RUDKIN, J., having heard the case in the court below, took no part.