CITY OF GUTHRIE v. STEWART, County Treasurer.

No. 6653.   Opinion Filed February 16, 1915.

(146 Pac. 585.)

MANDAMUS—Right to Relief—Adequate Remedy at Law.   Mandamus
will not be awarded when the right to the relief sought is not
clear and free from doubt, and will not issue in any case where
the petitioner has a plain and adequate remedy in the ordi ary
course of the law.

(Syllabus by the Court.)

*Error from District Court, Logan County;*

*A. H. Huston, Judge.*

Action by the City of Guthrie, a municipal corporation, against R. D. Stewart, County Treasurer of Logan County. Judgment for defendant, and plaintiff brings error. Affirmed.

*Tibbetts & Green,* for plaintiff in error.

*Arthur W. Swank,* Co. Atty., and *John Adams,* Ex-Co. Atty., for defendant in error.

HARDY, J.   Error from the action of the district court of Logan county in sustaining a demurrer to the petition of plaintiff in error against defendant in error, in an action to compel defendant in error by mandamus to ascertain and pay over to the city treasurer of the city of Guthrie certain penalties which had accrued upon delinquent taxes due said city. The petition alleges, in substance: That plaintiff is a municipal corporation, a city of the first class, and, as such, levies and collects taxes for its expenses, and other purposes, which are certified to the county clerk and placed upon the tax rolls and delivered to the county treasurer for collection and disbursement to the proper

city officers; and that this course has been followed since the organization of said city in 1889. That defendant in error, R. D. Stewart, is at this time county treasurer of Logan county, and has been since 1913, and has in his office the tax records and accounts and records of all taxes collected by the county treasurer of Logan county since 1889, and has on hand all moneys and bonds belonging to said Logan county, and is the officer having the duty of collecting all taxes for said city, and that he has, during his term, made collection of the taxes so levied and certified. The petition further alleges: That, during all times mentioned, under the law delinquent taxes were charged with a penalty at the rate of 18 per cent., which penalty it was the duty of the defendant in error and his predecessors to collect, and that defendant in error and his predecessors have collected such penalties of 18 per cent. upon all delinquent taxes, and that it is the duty of defendant in error to pay over to said city the principal amount of all such delinquent taxes collected, and all penalties and interest collected upon the same; but that defendant in error nor his predecessors, nor any of them, have paid over said penalties and interest of 18 per cent. upon said back taxes, or any part thereof, but have paid all of said sums into the county sinking fund, and that plaintiff in error is entitled to have said amounts paid over to it out of said sinking fund, or other funds from which such payment may be available. That the amount so collected and due plaintiff in error is large, but plaintiff in error is unable to state the full and exact amount thereof, and has no adequate remedy in the premises, except a writ of mandamus directing the defendant in error, as treasurer of Logan County, to forthwith ascertain and pay over to the city treasurer of the city of Guthrie its proportionate share of the interest and penalties collected upon delinquent taxes, and prays for relief accordingly. On July 2, 1914, defendant in error filed a general demurrer to said petition, which was by the court sustained on July 3, 1914, and exceptions

saved, and plaintiff in error prosecutes this proceeding to reverse said order sustaining said demurrer.

The questions here presented are whether the penalties accruing upon delinquent taxes become a part of the tax and should be paid to the municipality to whom the tax is due, or should go into the county sinking fund; and whether mandamus would be the proper proceeding to enforce such right, if it exists. We do not deem it necessary to pass upon the question as to whether the plaintiff in error is entitled to the interest and penalties claimed by it, for the reason that in our judgment the right is not so clear and free from doubt as to justify resort to mandamus proceedings. In *Bayard v. White,* 127 U. S. 246, 8 Sup. Ct. 1223, 32 L. Ed. 116, the rule with reference to the issuance of this writ is stated by the Supreme Court as follows:

"The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy, and the duty sought to be enforced is clear and indisputable. *Knox County v. Aspinwall,* 24 How. 377, 383 [16 L. Ed. 735]. Both requisites must concur in every case."

In *Stearns, Mayor, et al. v. State ex rel.,* 23 Okla. 462, 100 Pac. 909, Mr. Justice Hayes states the rule as follows:

"That mandamus will lie to compel a ministerial officer to discharge a duty or to compel other officers to perform a duty purely ministerial is too well settled to require discussion or the citation of authorities. * * * He must show: (1) The legal right to have the act done which he seeks to coerce the respondent to do; (2) that it is a plain, legal duty of respondent to do that which petitioner seeks to have done, and that respondent is without discretion to perform or refuse to perform such duty; (3) that the writ will afford him an availing remedy, and that he has no other plain, speedy, adequate remedy. Spelling's Extraordinary Relief, par. 1369."

An examination of the plaintiff in error's petition shows it is seeking to recover penalties and interest on taxes accruing since

1889, covering a period of approximately 25 years; and it appears that during all of this time the county treasurers of Logan county have collected these penalties and paid them into the sinking fund of the county; and the court will presume that said funds have been disbursed in the ordinary course, and that only a portion, if any, of the amount so collected is now in the hands of the county treasurer. It further appears, from the allegations of said petition, that said funds have been credited to the county sinking fund, and defendant in error would be without authority to pay out any of said funds, except in the manner authorized by law. By section 1, c. 80, Sess. Laws 1910-11, it is expressly provided:

The "public funds of any county or of any subdivision thereof shall be disbursed only in payment of legal warrants, bonds and interest coupons."

It is not shown in the petition what these penalties and interest amount to, nor is it shown whether there is a sufficient sum to the credit of the county sinking fund to pay said amount so collected and claimed by plaintiff in error. Section 4809, Rev. Laws 1910, provides:

"This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. It may be issued on the information of the party beneficially interested."

This statute has been construed several times by the Supreme Court of Oklahoma territory, and by this court, and the decisions are uniform to the effect that, where a plain and adequate remedy exists at law, the writ will not lie. *Collet v. Allison,* 1 Okla. 42, 25 Pac. 516; *Steward v. Territory,* 4 Okla. 707, 46 Pac. 487; *Territory v. Hewitt,* 5 Okla. 167, 49 Pac. 60; *Territory v. Crum,* 13 Okla. 9, 73 Pac. 297; *Ex parte Oklahoma,* 220 U. S. 191, 31 Sup. Ct. 426, 55 L. Ed. 431.

The plaintiff in error in this case has a right of action to

determine the amount, if any, collected by the county treasurers of Logan county and paid over to it of penalties and interest as claimed, and in that action may be determined all of the questions presented here and full and complete relief given; and we think such an action would be as speedy and adequate as the proceedings herein.

For the reason that the right to the relief asked is not clear and plain, and for the further reason that the plaintiff in error has a plain and adequate remedy in the ordinary course of the law, the order of the district court of Logan county, in sustaining the demurrer, was not error, and is therefore affirmed.

All the Justices concur.