### STATE ex rel. HORNER v. SWAN, Judge.

No. 20612. Opinion Filed Oct. 29, 1929.

Steele & Boatman, for petitioner.

Hall & Thompson, for respondent.

CULLISON, J. This is an action in mandamus wherein the state of Oklahoma, on relation of G. R. Horner, prays this court to issue a writ of mandamus directed to the defendant, Hon J. H. Swan, judge of the superior court of Okmulgee county, Okla., commanding him to immediately certify his disqualifications and desist from further hearing any matter arising in the case in which G. R. Horner, petitioner herein, is plaintiff, and Harwood and M. L. Keaton were defendants, No. 2277, pending in said superior court of said county and state.

The record in this case shows that the petitioner filed an action to recover a claim of $700 against the defendants Harwood and M. L. Keaton, in case No. 2277, in the superior court of Okmulgee county, Okla., over which the respondent herein presided as judge; that on the 6th day of March, 1928, petitioner obtained a judgment against said defendants in the sum of $510.92.

Petitioner for his cause of action alleges and says:

That respondent well knew that he had rendered judgment in said case on March 6, 1928, in favor of petitioner; that the respondent well knew that the petitioner was acting as his own attorney in the case of Horner v. Keaton et al., and was so acting and had been so acting from the beginning of said action; that the respondent also knew that one Joseph L. Rosenbloom was the attorney for the defendants in said action. That notwithstanding the granting of said judgment on March 6, 1928, and the intimate knowledge of the respondent herein of all the facts and circumstances arising in said case, the respondent did, on July 2, 1928, permit the attorney for the defendants to file a motion for new trial in said cause, in which defendants prayed for a restraining order restraining the clerk of said court from issuing or having issued on execution against the property of the defendants.

The record in this case shows that on the 5th of June, 1928, the plaintiff in the original action, petitioner herein, caused execution to be issued; that he directed the sheriff to levy on the car in dispute, but that the sheriff did not do so and no levy was ever made. That on July 2, 1928, the court, respondent herein, granted the restraining order prayed for, but held the motion for new trial in abeyance.

The restraining order issued on that date directed the clerk not to issue an execution on the judgment rendered on March 6, 1928, and further ordered that if an execution had been issued, the sheriff is temporarily restrained from serving the same, and the hearing on the motion for new trial was continued until August 11, 1928.

Petitioner alleges that the motion for new trial, the issuance of the restraining order prohibiting the issuance of an execution, and the setting of said motion for new trial for hearing, was all done without any knowledge or consent on the part of the petitioner and without any notice of any nature or kind ever having been served upon the petitioner, plaintiff in the cause pending in respondent's court.

The record shows that on the 7th day of July, 1928, the respondent issued a second

order similar in effect to the order of the court made on July 2, 1928, at which time he directed that the motion for new trial would be heard on August 11, 1928; that said order was made without the knowledge or consent of petitioner and without notice of any kind to him.

The record further shows that Mr. Payne, attorney for defendant in the original action, admits that no notice was ever served upon the petitioner when said orders were made.

The record further shows that on July 14, 1928, defendants filed their petition to vacate the judgment in said cause; that on the same date, to wit, July 14, 1928, the court, respondent herein, made an order restraining the sheriff of Okmulgee county from serving an execution, and directed that in case one had been issued, said sheriff was restrained from levying on, advertising for sale, or selling any property of defendants thereunder.

The record further shows that on the 3rd day of July, 1928, petiitoner filed his motion to strike the pending motion for new trial; that said motion was sustained and the restraining order set aside on July 7, 1928.

The record further shows that the order restraining the sheriff from levying upon the property in dispute was made on the 7th day of July, 1928, but in truth and in fact the order was not made until July 14, 1928. It therefore clearly appears that said order was made seven days prior or before the application for said order was filed.

The referee's record, page 6, shows that the respondent herein did on the 7th day of July, 1928, set aside the first restraining order issued by him, but on the same date, to wit, July 7, 1928, immediately granted a second restraining order, restraining the sheriff from levying upon the property of defendants. As above observed, the petition or application for restraining order was not filed until July 14, 1928. It therefore clearly appears that the restraining order issued on July 7, 1928, by respondent was in fact issued 7 days before the application for said order was filed.

The record further shows that on July 14, 1928, defendants filed a petition to vacate the judgment rendered by respondent on March 6, 1928; that on August 8, 1928, petitioner filed his answer to defendants' petition to vacate judgment. On September 4, 1928, respondent issued his order setting petitioner's motion to vacate the hearing on defendants' petition to vacate judgment, on

September 8, 1928; and on said date, to wit, September 8, 1928, the following record was made:

"Plaintiff present in open court in person and by counsel, Chas. B. Steele. Defendant present in open court in person and by counsel, Tom Payne. Motion to vacate order withdrawn. Three witnesses sworn by the clerk. One witness sworn by the court, evidence heard, Petition to vacate denied. Defendant excepts to the ruling of the court and gives notice in open court of his intention to appeal to the Supreme Court of Oklahoma, and asks the clerk to note same on the proper docket. For good cause shown defendant allowed an extension of 30 days in which to make and serve case-made, ten days thereafter allowed plaintiff in which to suggest amendments and five days notice by either party in writing to settle same. Supersedeas bond fixed at the sum of double the amount of the judgment, same to be approved by the clerk, and filed within 20 days from this date. Execution to be stayed pending the filing of said bond and thereafter until the final hearing of the Supreme Court."

This order clearly establishes the fact that defendants gave notice of an appeal to the Supreme Court, it being understood that said case was pending on appeal both by the judge of the superior court, respondent herein, and counsel for both petitioner and defendants.

The record shows that a case-made for the Supreme Court was served on Chas. Steele, attorney for petitioner, on the 3rd of December, 1928, but that the case-made served upon the attorney for petitioner was never filed in this court.

The record shows that on July 14, 1929, a general execution upon said judgment was issued and placed in the hands of the sheriff of said county with directions to levy upon one Chrysler car belonging to the defendants; that a levy was made by the sheriff, and immediately thereafter the defendant Harwood Keaton advised the sheriff that he had given a bill of sale of said car to his mother, Mrs. J. C. Keaton, and thereupon the sheriff required plaintiff to execute to him an indemnifying bond to protect him against the claim of any third persons; that thereafter there was commenced an action in the district court of Okmulgee county entitled "Mrs. J. C. Keaton, Plaintiff, v. Jim Stormont, Defendant, No. 16476." which action was instituted for the purpose of recovering from said Jim Stormont, sheriff of Okmulgee county, the said Chrysler car; that upon the filing of said petition in the district court an order was made on the 29th day of July, 1929, signed by the judge

of said district court directing that a temporary injunction be granted to the plaintiff enjoining the defendant, his servants or agents, from levying upon the property of the plaintiff under an execution against Harwood Keaton; that thereafter, on the 3rd day of August 1929, the district court was engaged in hearing a motion to dissolve the temporary injunction up until noon of that day, at which time the said court recessed until 2.30 p. m. That during the noon hour, attorney Joseph J. Rosenbloom informed plaintiff and his attorney that he had withdrawn from the original case and informed the plaintiff and his attorney that he, Rosenbloom, was willing to do anything he could to settle the case; that during the noon recess of the district court on the 3rd of August, 1929, the plaintiff, petitioner herein, learned that the defendant, respondent herein, had during the noon recess issued an order directed to the sheriff of Okmulgee county directing him to recall the execution and to deliver up any property which he had seized under said execution; which order was so executed, and the sheriff thereupon released said car to said Harwood Keaton. The record further shows that the application filed in the superior court by said Joseph Rosenbloom to recall said execution was prepared and filed during the noon recess of both courts, on August 3, 1929, and no notice was given to plaintiff or his attorney of record. The record further discloses that the application filed in the superior court of August 3, 1929, asking for the recall of said execution and for the release of said automobile levied upon also prayed that the superior court vacate the judgment of March 6, 1928, and grant a new trial to the defendants.

The record clearly shows that the judgment in the original action was rendered on March 6, 1928, and the application for new trial upon said grounds set out in said application to recall said execution was not filed until August 3, 1929, nearly 16 months after the rendition of said judgment: and it is alleged by plaintiff that by recalling said execution and directing the release of said automobile without any notice to plaintiff and his attorney the court, respondent herein, acted arbitrarily and in abuse of his judicial power and without authority of law, as he had at other times and on previous occasions, as set out in the petition.

That thereafter on August 5, 1929, upon notice given to the said Joseph J. Rosenbloom, an application was made to the defendant, respondent herein, judge of said superior court, asking that he disqualify from hearing any matters further relating to said case, and in particular the motion filed to vacate the judgment of March 6, 1928; that said application was duly presented to the respondent on August 5, 1929, and by him denied. The record further shows that the order of the respondent refusing to disqualify was made about the hour of 12 o'clock noon of August 5, 1929, at the time the replevin action was pending before the district court, and that during the noon hour Joseph J. Rosenbloom served notice upon the plaintiff that he would at 1:30 o'clock p. m. of said day appear before the respondent, Judge J. H. Swan, asking the court to set aside his order of August 3, 1929, recalling the execution heretofore mentioned. That at the hour designated in said notice said motion was presented to the respondent, but he refused to hear the same for the reason that notice had been served upon him to appear in the Supreme Court at the hour of 10 o'clock a. m. August 6, 1929, to hear an application to disqualify him.

The plaintiff alleges that unless the respondent, as such judge, is disqualified by this honorable court from further hearing matters pertaining to the cause pending in said superior court, and particularly the motion for new trial and to vacate the judgment on file, this plaintiff will be continuously harassed and defeated in his purpose to collect said judgment. Wherefore plaintiff prays this honorable court to issue a writ of mandamus directed to the respondent, Judge J. H. Swan, judge of the superior court of Okmulgee county, commanding him to immediately certify his disqualification and desist from further hearing any matter arising in said cause No. 2277, and desist from making any further orders or rendering any judgments in said cause.

The respondent in his answer to plaintiff's petition denies each and every allegation contained in said petition that is not specifically admitted. He denies that he is prejudiced against plaintiff or that he has acted arbitrarily in his orders and decisions in the case of Horner v. Harwood and M. L. Keaton, No. 2277.

The respondent, further answering, says that he denied the petition of Harwood and M. L. Keaton to vacate the judgment entered prior thereto, and that he decided the matter in controversy in favor of G. H. Horner, the plaintiff herein.

The respondent further states that he had nothing to do with the temporary injunction

issued on the 29th day of July, 1929, by the district court.

Respondent, further answering, says that on the 3rd day of August, 1929, there was filed in his court a sworn petition in the case of G. H. Horner v. Harwood Keaton, No. 2277, in which it was alleged that the judgment granted by the respondent in said case on March 6, 1928, was void for the reason it was rendered in the absence of the defendant from the court and on the grounds of newly discovered evidence in documentary form.

Respondent further states that on the 5th of August, 1929, the plaintiff did present a motion to the respondent to set aside the order made on the 3rd day of August, 1929; that they did file said motion on said day, and that said order would have been set aside had it not been for the protest of the plaintiff himself, and that he would have entered an order on the 5th of August, 1929, vacating and setting aside his order of August 3, 1929, in favor of plaintiff, but for the interference of the plaintiff himself as indicated in this case.

Petitioner contends that the motion filed July 2, 1928, praying the respondent to grant a new trial in said cause, was without authority of law and was null and void and for the reason that the time for filing a motion for new trial had expired several months before said motion was filed:

Section 574, C. O. S. 1921, provides:

"The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

It clearly appears from the reading of the motion for new trial filed July 2, 1928, that said motion was filed nearly four months after the time in which a motion for new trial should have been filed, and there was no attempt on the part of defendants or their attorney in filing said motion to show that any newly discovered evidence had been discovered material to the party applying; neither was there any reasonable diligence shown to warrant the respondent in sustaining the motion for new trial at this late date. But, notwithstanding the insufficiency of said showing, the respondent did set said motion for hearing on August 11, 1928, and granted

a temporary restraining order restraining the sheriff from levying execution upon the property of defendants until such motion could be heard.

We are of the opinion that the conduct of the respondent as judge of said court at that time, with reference to this motion, was illegal and void and was very prejudicial to the petitioner's rights.

In the case of Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733, this court held:

"Snyder's Comp. Laws Okla. sec. 5827 (now sec. 574, C. O. S. 1921), requiring a motion for a new trial to be filed within three days after verdict, is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring on the trial. Held, further, that the trial court has no power to grant an extension beyond the time specified."

This ruling has been consistently followed by this court.

Petitioner further contends that, notwithstanding he had obtained judgment against the defendants in the original case under date of March 6, 1928, the respondent, as judge of said superior court, permitted on August 3, 1929, the filing of an application to recall the execution in said case, which application also asked for a new trial on grounds of newly discovered evidence; the filing of said application occurred nearly 16 months after the rendition of the judgment and more than one year after the final judgment. All of which was done without the knowledge or consent of petitioner, and no notice as required by law served upon petitioner or his attorneys. All of which was predjudicial to the rights of this petitioner.

Section 576, C. O. S. 1921, provides:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of making a case-made, without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case, as in other cases, not later than the second term after such discovery or occurrence; * * * but no such petition shall be filed more than one year after the final judgment was rendered."

In Wade v. Hope et al., 73 Okla. 289, 176 Pac. 402, this section of our statute came before this court for interpretation (section

5037, Rev. Laws 1910, now section 576, C. O. S. 1921), and this court held:

"Under section 5037, Rev. Laws 1910, an application for a new trial must be instituted within one year from the date of the final judgment."

It is clear in the instant case that the application for new trial on grounds of newly discovered evidence was not filed within the time contemplated by the statute, and that the respondent had no power to allow the filing of said motion and to recall the execution theretofore issued.

The effect of recalling the execution deprived the petitioner herein of his remedy to realize upon the judgment he had obtained.

This conduct on the part of the respondent herein, setting as a court, under the facts and circumstances in this case, was illegal and void and prejudicial to the rights of the petitioner.

The petitioner further complains that on the morning of the 5th of July, 1929, he filed his motion supported by affidavit to disqualify respondent herein, the Hon. J. H. Swan, judge of the superior court, in the case of Horner v. Keaton et al., No. 2277; that the said superior court was regularly convened at 9 o'clock a. m. on said date, the record showing all parties present, and that said motion was by the court on said date denied; that the order of the court refusing to disqualify, made about 11:30 o'clock a. m., was as follows, to wit:

"* * * Motion to disqualify overruled, exceptions allowed. Counsel for plaintiff gives notice in open court of his intention to apply to the Supreme Court of Oklahoma, Tuesday August 6, 1929, for an order to compel said judge of the superior court, J. H. Swan, to disqualify. Judge J. H. Swan, judge of the superior court, denies the last paragraph of the petition as an unwarranted statement."

The record shows that on the same date, to wit, August 5, 1929, and at or near the hour of 1:15 o'clock p. m. of said date, the petitioner and his counsel were served with the following notice:

"To: Messrs Steele and Boatman:

You are hereby notified that on Monday, August 5, 1929, at the hour of 1:30 o'clock p. m. or as soon thereafter as counsel can be heard, we shall appear before the Hon. J. H. Swan, judge of the superior court, at his court room, courthouse, in Okmulgee, Okla., and then and there ask that the order recalling the execution made and entitled in this cause on the 3rd day of August 1929, be set aside, and at which time and place you may appear if you see fit so to do. Dated this 5th day of August 1928. Joseph J. Rosenbloom, attorney for defendants."

The record does not disclose that any action was taken on the motion to vacate the order recalling execution at the time set for hearing thereof.

In Collet v. Allison, 1 Okla. 42, 25 Pac. 516, this court held:

"The writ of mandamus is one of the extraordinary remedies resorted to in cases where the usual modes of procedure can not furnish the desired relief."

Again, in State ex rel. Freeling v. Ross, 76 Okla. 11, 183 Pac. 918, the Supreme Court of this state held:

"The power of the Supreme Court to grant mandamus and to hear and determine the same, as authorized by Const., art. 7, sec. 2, will be exercised only when the questions involved are publici juris, or when some unusual situation exists, whereby not to entertain jurisdiction would work a great wrong or result in a practical denial of justice."

This court is of the opinion that respondent arbitrarily issued the orders complained of, which were by him made after the rendition of said judgment in said cause; that the respondent was fully aware of the fact that the judgment in said cause was rendered March 6, 1928, and was aware of this fact when he permitted the filing of a motion for new trial on grounds of newly discovered evidence, more than 16 months after the date of said judgment, and after permitting such motion to be filed, recalled the execution theretofore issued in said case on said judgment; that the respondent, at the request and on motion of defendants and their attorney, issued various orders recalling the execution issued in said cause without notice to petitioner or his attorneys; that the respondent knew and admits that he knew that at the time he issued his orders in the case the replevin action was pending in the district court; that the acts and conduct of the respondent herein as above set out were highly prejudicial to the interests of this petitioner.

It is therefore considered, ordered, and adjudged by this court that a writ of mandamus forthwith issue directing the respondent to disqualify himself, and, he is hereby prohibited from making any further orders in said action. Let the writ of mandamus issue.

MASON, C. J., and CLARK, RILEY,

SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., not participating. HUNT, J., dissenting. HEFNER, J., absent.

Note.—See under (1) 18 R. C. L. p. 88; 3 R. C. L. Supp. p. 785; 7 R. C. L. Supp. p. 590. (2) 18 R. C. L. p. 96. (3) 20 R. C. L. p. 303; 3 R. C L. Supp. p. 1053. See "Appeal and Error," 3 C. J. 862, p. 966, n. 36. "Courts," 15 C. J. §540, p. 1108, n. 38. "Mandamus," 38 C. J. §7, p. 544, n. 47; §587, p. 868, n. 27. "New Trial," 46 C. J. §267, p. 297, n. 75; §269, p. 298, n. 1.