## STATE ex rel. THOMAS v. BRENNER, Com'r, et al.

## STATE ex rel. McDANIEL v. SAME.

No. 25238. April 2, 1935.

L. L. Cowley and M. L. Opperud, for plaintiffs in error.

Howard F. Wilson and Roy W. Cox, for defendants in error.

GIBSON, J. This is an appeal from a judgment of the district court of Kay county in an action in which it was sought to obtain a writ of mandamus requiring defendants in error, who constituted the board of commissioners of the city of Blackwell, to "comply with their statutory duty and reinstate and to recognize" the relators as members of the fire department of the city of Blackwell, "or to show cause why" they, the relators, "should not be reinstated and recognized" as members of said fire department. The prayer was denied, and the relators appealed to this court.

Relators contend that section 6085, O. S. 1931, provides the tenure of office of the members of all paid fire departments, and that such members hold their positions "unless removed for good and sufficient cause" without regard to the tenure of office of the mayor and members of the city council.

They further contend that the cited section is applicable to a city operating under a charter, as is the city of Blackwell, and that it controls notwithstanding the provisions of section 13, article 2, of the charter of the city of Blackwell, which provides that the appointed officers and employees of said city "shall hold their positions at the will and pleasure of the appointive power." It is not necessary to determine those questions here.

Assuming for the purpose of this case, but not deciding, that section 6085, supra, is controlling and provides the tenure of office of the relators, yet it must be conceded that such tenure could be terminated and they could be "removed for good and sufficient cause." The writ of mandamus is not one of right. Before it will issue a clear legal right thereto must be shown. Stearns, Mayor, v. Sims, 24 Okla. 623, 104 P. 44, 24 L. R. A. (N. S.) 475; City of Guthrie v. Stewart, Co. Treas., 45 Okla. 603, 146 P. 585; Champlin v. Carter, 78 Okla. 300, 190 P. 679.

When the relators applied for the writ of mandamus they assumed the burden of showing that they had a clear legal right to the relief prayed for. The trial court found that they had not sustained that burden, and from an examination of the record we find that relators did not establish a clear legal right to the relief sought, and that the trial court did not err in denying the same.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.