## STUBBS v. EXCISE BOARD OF MUSKOGEE COUNTY et al.

No. 26202.    Sept 10, 1935.

J. Bernard Smith and R. Emmett Stewart, for plaintiff in error.

A. Camp Bonds, Phil K. Oldham, and Francis Stewart, for defendants in error.

PER CURIAM. This is an action for mandamus originally brought in the district court of Muskogee county by B. F. Stubbs, Sr., for himself and others similarly situated and as next friend of B. F. Stubbs, Jr., against the excise board of Muskogee county and the board of education of the city of ·Muskogee.

The purpose of the action was to compel the excise board of Muskogee county to reconvene and to amend and increase an appropriation previously allowed by said board for the maintenance and support of separate schools in district No. 20 in said county, and to require said board to approve prior estimates submitted to it by the board of education of the city of Muskogee.

The alternative writ went forth directed to the excise board and its members, but plaintiff dismissed as to the board of education of the city of Muskogee. The petition alleges, in substance, that the plaintiff was a citizen and taxpayer of the city of Muskogee and a patron of separate schools in district No. 20; that B. F. Stubbs, Jr., was a student in said separate schools; that the board of education of the city of Muskogee had submitted a budget and estimate of needs for said separate schools to the defendant excise board of Muskogee county; that the board had refused to approve the estimate thus submitted, and had reduced the budget and estimate below the needs and requirements of said separate schools and had refused to make any appropriation for said separate schools out of the amount appropriated by said excise board for county purposes; that said action was arbitrary, discriminatory, and without authority of law; that demand had been made upon the board of education of the city of Muskogee to take action to compel said excise board to allow and approve said estimates, but that it had declined and refused to act, and that the plaintiff was entitled to maintain the action therefor in his individual capacity.

A verified answer and response was filed by the excise board attacking the sufficiency of the petition and denying all of the material allegations thereof and interposing separate defenses to the effect that the relief sought would, if granted, disturb official action and result in confusion and disorder.

At the trial upon the merits the district court refused the peremptory writ and dismissed the petition of the plaintiff. Motion for new trial was duly filed and overruled. The plaintiff has appealed. The parties occupy the same position here as in the trial court and will hereafter be referred to as plaintiff and defendant.

The evidence of the plaintiff consisted of a certified copy of the budget showing the amount requested by the board of education of the city of Muskogee as being necessary for the support and maintenance of separate schools of district No. 20 for the fiscal year 1934-1935, and the amount allowed by the defendant excise board for that purpose and the certificate of the county clerk showing the manner of distribution of the millage which had been allocated by the excise board of Muskogee county for county purposes.

The evidence of the defendant, in substance, was to the effect that all levies had been certified to the county assessor on Sep-

tember 17, 1934, and that all budgets and estimates had been filed with the State Auditor on September 19, 1934. That said board, acting under section 9, art. 10, of the Constitution as amended in 1933, had levied five mills for cities and towns, five mills for schools, five mills for county purposes and two mills additional for separate schools of said county. And that all appropriations and estimates as submitted by the various municipal authorities authorized had been reduced, and that no discrimination had been practiced against any particular unit or subdivision, and that at the time of the trial in the lower court the work of extending the levies upon the tax rolls had been completed, and the evidence tends to show that any change in the levies and estimates would necessitate doing the work over and would delay the collection of taxes and disturb official action and bring about disorder and confusion. This testimony was not contradicted.

It is the contention of the plaintiff that he was entitled to maintain this action as a taxpayer upon the refusal of the board of education of the city of Muskogee so to do, and that the excise board, under the Constitution and statutes of this state and prior decisions of this court, was required to approve the estimates submitted to it by the board of education for separate schools, in district No. 20, and if necessary to apportion the part of the five-mill levy for county purposes to said separate schools, and that the refusal of the excise board to do this constitutes an arbitrary and discriminatory action on its part.

The rule in this state as to the proper plaintiff in a mandamus is, where a question of public right is directly involved, the action should be brought in the name of the state, the person instituting the action appearing as relator; where an individual has a particular interest of his own, independent of that which he holds in common with the people at large, in the performance of some statutory duty imposed upon some officer or board and so under the Code can rightfully claim to be the right party in interest, then the action may be maintained in his own name. Collet v. Allison, 1 Okla. 42, 25 P. 516; Rider v. Brown, 1 Okla. 244, 32 P. 341; Davis v. Caruthers, 22 Okla. 323, 97 P. 581; Thompson v. State ex rel. Cooksey, 25 Okla. 741, 108 P. 398; Jones v. Sneed, 101 Okla. 295, 225 P. 700.

Therefore, the plaintiff was not a proper party plaintiff, particularly in the absence of any evidence which would justify such proceeding either by a taxpayer or private citizen. The petition could have been properly dismissed for this reason.

As we have said in Peed v. Gresham, 53 Okla. 205, 155 P. 1179:

"By statute in this jurisdiction (secs. 4913-4915, Rev. Laws 1910), the alternative writ and return thereto constitute the pleadings in a mandamus proceeding, and the issues thereby joined must be tried and the further proceedings had in the same manner as in a civil action."

See, also, Finley v. Territory ex rel. Keys, 12 Okla. 621, 73 P. 273; State ex rel. v. Cummings, 47 Okla. 44, 147 P. 161; Broadwell v. Dirickson, 85 Okla. 242, 205 P. 751.

The defendant by its verified answer and response controverted all of the material allegations of plaintiff's petition and the alternative writ. The burden was then on the plaintiff to prove the essential allegations of his petition. The only evidence of the plaintiff, as we have previously observed, consisted of a certified copy of the estimate made by the board of education and of the appropriations and levies made by the excise board and a certificate of the county clerk as to the distribution of the millage allocated for county purposes. No proof was offered in support of the allegation of the petition as to the interest of the plaintiff and the other parties for whom he purported to be acting, nor was there any proof of any demand having been made upon the board of education of the city of Muskogee to institute and maintain this action, nor was there any proof of arbitrary or discriminatory action on the part of the excise board in reducing the appropriation and levy of school district No. 20. Mandamus will issue only where there is a clear legal right in the relator to the writ and a corresponding duty resting upon the defendant to perform the act required. State v. Couch, 31 Okla. 206, 120 P. 915; City of Guthrie v. Stewart, 45 Okla. 603, 146 P. 585; Cotton v. Harris, 108 Okla. 203, 235 P. 607; Herndon v. Excise Board of Garfield County, 147 Okla. 126, 295 P. 223. The evidence offered by the plaintiff being insufficient to satisfy the requirements as announced in the above cases, we are of the opinion that the peremptory writ was properly refused.

The authorities cited and relied upon by plaintiff and the argument advanced are very much the same as those presented between the same parties in Muskogee County Excise Board v. Stubbs et al., 172 Okla. 435, 45 P. (2d) 721, and as therein said:

"There is no question but that the excise board of the county may in a proper case be subject to mandamus"

—and under such circumstances the rule announced in the cited cases would be applicable and controlling. However, it is not sufficient to state abstract principles of law, however sound the same may be, where the facts and circumstances are not sufficient to justify the application. In other words, the case must be presented and established by the plaintiff both on facts and law before the writ will issue. In this respect the plaintiff in the case at bar failed. There was no error in the order and judgment of the court.

Order and judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS and BUSBY. JJ., absent.