## CITY OF SHAWNEE *et al.* v. CITY OF TECUMSEH.

No. 6844. Opinion Filed July 13, 1915.

Rehearing Denied November 19, 1915.

(150 Pac. 890.)

1. **TAXATION—Statement by Municipal Corporation—Outstanding Judgments.** In the itemized statement required to be made by section 7378, Rev. Laws 1910, by the mayor and council of a city to the excise board of the county, outstanding judgments against such city must be stated, in order to show the fiscal condition of such municipality, and be shown as "an item of the amount necessary for a sinking fund," sufficient to pay at maturity all bonded indebtedness of such municipality, and one-third of outstanding judgments against such municipality.

2. **SAME.** Sections 6771, 6773, 7378, Rev. Laws 1910, must be construed together, and, when so construed, require that the statement provided to be made by the mayor and council of a city to the excise board of the county must include the amount of outstanding judgments against such municipality as an item of the necessary sinking fund to be levied.

3.   SAME. A judgment against a city may be paid out of its sinking fund, and the amount thus expended may be included in the statement required to be made by the mayor and council of a city to the excise board, under section 7378, Rev Laws 1910, and levies made to reimburse such sinking fund for such expenditure, under section 6773, Rev. Laws 1910, as amended by the act of the Legislature approved March 6, 1915 (Sess. Laws 1915, p. 126.)

4.   MANDAMUS—Taxation—Right to Remedy—Judgment Against City—Making of Levy. Upon the refusal of a city to pay an outstanding judgment against it, to which it has no defense, and to pay which judgment said city has a sufficient sinking fund, a peremptory writ of mandamus will lie to require the mayor and council of such city to cause to be paid such judgment out of such sinking fund, and in event such sinking fund is insufficient, or not available to pay such judgment, to require the mayor and council of such municipality to include in the statement required to be made by them to the excise board the amount of such judgment as an item of the amount necessary for a sinking fund sufficient to pay at maturity all bonded indebtedness of such municipality and outstanding judgments against the same.

5.   TAXATION—Statement of Municipal Corporation—Outstandinng Judgments. A judgment against a municipality may be legally paid out of its sinking fund, or provision for its payment be made, by including the amount in the statement required to be made by section 7378, Rev. Laws 1910, as an item of the necessary sinking fund, or by the issue of bonds as provided by section 362, Rev. Laws 1910.

6.   MANDAMUS—Nature of Remedy. Mandamus is' a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy, and the duty sought to be enforced is clear and undisputed.

(Syllabus by Collier, C.)

*Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.*

Mandamus by the City of Tecumseh against the City of Shawnee and others. Judgment for plaintiff, and defendants bring error. Affirmed.

This is an application by the city of Tecumseh for peremptory writ of mandamus to compel the mayor and council of the city of Shawnee to include in the estimate to be made and returned to the county excise board of

Pottawatomie county for the fiscal year ending June 30 1915, a sum sufficient to pay off a judgment which the city of Tecumseh has against the city of Shawnee, in the sum of $2,021.25, and interest. Said judgment was rendered March 4, 1913, by this court for costs in a contest between said cities for the location of the county seat of Pottawatomie county. On the 9th day of May, 1913, the city of Shawnee filed in this court its motion to vacate said judgment, which was heard on the 24th day of September, 1913, and overruled. Plaintiff then presented a copy of said judgment to the city of Shawnee for payment, and the city of Shawnee refused to take any action looking to the payment of said judgment. About a year and a half after the refusal of the city of Shawnee to take any action for the payment of said judgment the city of Tecumseh commenced this action in the district court of Pottawatomie county to compel the city of Shawnee, by peremptory writ of mandamus, to provide for the payment of said judgment, by including the amount thereof in the estimate of said city to the excise board of said county for the fiscal year ending June 30, 1915. Notice was issued and served upon the city of Shawnee. Thereafter a hearing of said cause was had upon said application and answer of the city of Shawnee, in which said city of Shawnee sought to attack said judgment, upon the ground that the same was void, and offered to introduce evidence in support of its said contention, which said evidence the court declined to hear. The city of Shawnee also set up in its answer that no alternative writ of mandamus had been issued, and that no proper pleadings had been filed upon which an issue of this case could be joined, and moved to dismiss said application. The court overruled said application and motion to dismiss, to which defend-

ant duly excepted. At the close of the hearing the court made and entered an order awarding a peremptory writ of mandamus, which order is as follows:

"Therefore the court, being fully advised in the premises, finds that a peremptory writ of mandamus should be issued herein. It is therefore ordered, considered, and adjudged that you, the said city of Shawnee, F. P. Stearns, Mayor, William Hickey, A. J. Cammack, Richard Richards, Thomas Potts, Jessie Pelphrey, and A. J. Harris, councilmen, respondents, and each and all of you are hereby commanded that immediately after the receipt of this writ you make and return to the county excise board of Pottawatomie county, State of Oklahoma, an estimate of the amount necessary to be levied according to the law to pay said judgment, interest, and costs. To which order and judgment defendant excepted and exception allowed."

Thereupon defendants moved the court to grant a new trial, and excepted to the refusal of the court so to do.

The city of Shawnee prosecutes an appeal from the order of the court, granting said peremptory writ of mandamus, and makes the following assignments of error:

"(1) Error in overruling motion to dismiss; (2) error in ruling out competent and material testimony offered by plaintiff in error; (3) error in allowing the writ."

*W. T. Williams*, City Atty. of Shawnee, for plaintiffs in error.

*G. A. Outcelt*, for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above). In a mandamus proceeding "no other pleading or written allegation is allowed than the writ and answer." Section 4915, Rev. Laws 1910. It therefore follows that the contention of plaintiff in error that the proper pleadings were not filed in this case is without

merit. The judgment rendered and here complained of is·
*res adjudicata,* and every fact that was involved in said
judgment or that could have been involved was finally dis-
posed of, and consequently the court did not err in refusing
to hear the evidence offered by plaintiff in error in its effort
to collaterally attack said judgment. *Woodworth v. Town
of Hennessey,* 32 Okla. 267, 122 Pac. 224.

The contention of plaintiff in error that an alter-
native writ of mandamus was not issued in this case is
not well taken, as a peremptory writ may properly be
issued "when the right to require the performance of the
act is clear, and it is apparent that no valid excuse can
be given for not performing it," which is the case here.
Section 4910, Rev. Laws 1910. Mandamus is a remedy
to compel the performance of a duty required by law,
where the party seeking relief has no other legal remedy,
and the duty sought to be enforced is clear and undis-
putable. *Territory v. Crum,* 13 Okla. 9, 73 Pac. 297;
*United States v. Beebe,* 127 U. S. 346, 8 Sup. Ct. 1083, 32
L. Ed. 121. The motion to dismiss the application for
mandamus in the trial court had no basis of law upon
which to stand.

The relief sought by plaintiff in error is under sec-
tion 7378, Rev. Laws 1910, which, in part, provides as
follows:

"Each board of county commissioners, the mayor
and council of each city, or the officers exercising like
powers in any city having a charter form of govern-
ment, the board of trustees of each incorporated town,
the directors of each township, the board of education
in each city and the directors of each school district,
shall meet on the first Monday in July of each year,
and shall respectively make out an itemized statement

of the fiscal condition of their respective municipalities and of the estimated needs thereof for the current expenses of the ensuing fiscal year. Said estimate shall show, first, any unexpended balance on hand of the levy for any previous year or years for current expense purposes; second, the estimated income of the municipality from all sources other than from *ad valorem* taxation, and such estimated income for school district purposes shall include the apportionment of the income from the common school fund, based on the distribution for the next preceding fiscal year; third, an itemized estimate of the amount necessary for the current expenses of each such municipality for the ensuing fiscal year; fourth, the amount necessary for a sinking fund, sufficient to pay at maturity all bonded indebtedness of such municipality; fifth, the amount necessary to pay the interest coupons falling due on its outstanding bonded indebtedness."

This section must be construed in connection with sections 6771 and 6773, Rev. Laws 1910, which read:

"6771. It shall be the duty of the officers of each municipal corporation in the State of Oklahoma by law authorized to levy taxes to make a levy each year for the sinking fund, which shall, with the money already in such fund, be sufficient to pay all the bonded indebtedness of such municipality coming due during the following year; one year's interest on all outstanding bonds of such municipality, with an allowance of twenty-five per cent. for delinquent taxes added; and an additional sum equal to one-third of the original amount of all outstanding judgments against the municipality, when one-third or more of such judgment remains due and unpaid, and in case less than one-third of such judgment remains due, then the levy shall cover the entire amount of such judgment yet remaining unpaid.

"6773. Such sinking fund shall be used: First. For the payment of interest coupons as they fall due.

Second. For the payment of bonds falling due, if any such there be; and, Third. For the payment of judgments against the municipality, if any there be."

Construing said sections of the statute quoted *supra* together, it is clearly shown that it is the duty of the mayor and council of the city of Shawnee to include in said statement .required to be made by them to the excise board of Pottowatomie county, as an item "of necessary expense for a sinking fund," the amount of said judgment recovered by the city of Tecumseh against the city of Shawnee, to the end that said excise board may levy sufficient taxes to pay one-third of said judgment per year until said judgment and interest thereon is paid; and upon the failure of said mayor and council to include such amount in said statement required by said section 7378 to be made to the excise board, said mayor and council may be compelled by mandamus so to do.

Section 6773, Rev. Laws 1910, as amended by act of the Legislature, approved March 5, 1915 (Sess. Laws 1915, p. 126), provides that a judgment against a municipality may be paid out of the sinking fund on hand, and the deficit thereby caused in such fund may properly be included in said statement required to be made by the mayor and council of a city to the excise board, as an item to be included in the necessary sinking fund.

In addition to the above-stated modes of paying judgments, it is provided by section 362, Rev. Laws 1910, that bonds may be issued for paying outstanding judgments, and when this course has been pursued the amount of the interest accruing on such bonds and the amount to redeem such bonds at maturity may properly be included in the statement required to be made by the mayor and

council of a city to the excise board of the county, as an item "of the amount necessary for a sinking fund."

In either mode which may be adopted for the payment of an outstanding judgment against a city, the prime requirement of the law—that the excise board be advised of the fiscal condition of the city, to the end that the said board may intelligently make the required levies for the collection of necessary taxes—is met.   Hence, while the contention of the city of Shawnee that "in said statement required there is no provision for an estimate to pay one-third of judgments against municipalities" is correct to the extent that such estimate is not required in   just these words, still it is the law.   Such statements, in order to show "the fiscal condition of a city," must state what judgments are outstanding against it, and must provide for their payment by including them in such statement as items of the "necessary sinking fund," whether such judgments are paid out of the sinking fund on hand, or by a levy of a sinking fund to pay the same, or by the issue of bonds, as provided by said section 362, *supra*. Consequently, the said contention of the city of Shawnee that " there is no provision for an estimate to pay one-third of judgments against the municipality" is but following the shadow, and not the substance of the law.

It follows that the peremptory writ of mandamus in this case was properly awarded, and this case should be affirmed.

By the Court:   It is so ordered.