## EXCISE BOARD OF LOVE COUNTY v. RANDOLPH.

No. 25573.      May 7, 1935.

B. W. Jones, for plaintiff in error.

C. C. Wilkins, for defendant in error.

PER CURIAM. S. H. Randolph, sheriff of Love county, files his petition, alleging that he was allowed by law two deputy sheriffs, one of whom was Sam Rhiner; that the excise board of Love county appropriated sufficient money to pay Sam Rhiner's salary for the months of July to December, 1933, inclusive, but failed to appropriate funds with which to pay the salary of Sam Rhiner for the remainder of the fiscal year; that Sam Rhiner's salary was $100 per month, and that two months' salary (January and February, 1934) was due. It is further alleged that "it is necessary to keep Sam Rhiner as a deputy sheriff in order to properly maintain the peace and order and conduct terms of court in Love county, Okla." Writ of mandamus upon these facts is prayed, directing the excise board and the court clerk to make payment of this salary out of the cash court fund of Love county. The general finding of the court was in favor of the plaintiff, and writ of mandamus issued commanding the excise board "to legally transfer funds out of the court cash fund of Love county, Okla., in the sum of at least $200 to pay the salary of Sam Rhiner for the months of January and February in the sum of $200."

Certain technical questions relative to the appeal are waived, as it appears necessary to consider only the question of the right of the relator to have writ of mandamus under the circumstances. The briefs of both plaintiff in error and defendant in error invite the court's attention to chapter 117, House Bill 319 of the Session Laws of 1933, each asserting that the proper construction of that act is determinative of the issues in this case.

The first three sections of that act are as follows:

"All fees, fines and forfeitures which are, under the law, the property of the county, shall, when collected by the court clerk, be deposited by him in a fund in the county treasury designated 'the court fund' and shall be used, from year to year, in defraying the expenses of holding district and county court in said county.

"All claims against 'the court fund' created by section 1 of this act shall be paid by the court clerk, after due appropriation by the excise board, by the issuance of a cash voucher on said fund.

"Claims against 'the court fund', as herein used, shall include only such expenses as may be lawfully incurred incident to operation of the courts of said county."

Section 7852, O. S. 1931, provides as follows:

"With the approval of the board of county

162

commissioners, the sheriff may appoint the following help in his office to receive the salaries herein set out to be paid out of the county general fund as the salaries of other county officers are paid out, to wit: * * *"

Mandamus is not a writ of right, and will not issue except to compel the performance of a duty required by law. The duty required to be enforced must be clear and indisputable. City of Shawnee v. City of Tecumseh, 52 Okla. 509, 150 P. 890; Carroll v. State, 80 Okla. 89, 194 P. 219; Reisinger v. Hurst, 163 Okla. 92, 20 P. (2d) 1040; State ex rel. Fulton v. State Election Board et al., 168 Okla. 446, 33 P. (2d) 800; State ex rel. Wilcox Oil & Gas Co. v. Walker et al., 168 Okla. 543, 35 P. (2d) 269.

Not only is the right of the relator to receive pay from the cash court fund neither clear nor indisputable, but it appears that the deputy's compensation is payable out of the "county general fund," and not out of the "court fund." For this reason we think mandamus will not lie.

For the reasons stated, we conclude that the trial court erred in issuing the writ of mandamus in this case, and the judgment of the trial court is reversed, with instructions to dismiss the plaintiff's petition at his cost. The plaintiff to pay all costs.

The Supreme Court acknowledges the aid of Attorneys Paul Pinson, J. C. Pinkerton, and Hugh Ownby in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pinson and approved by Mr. Pinkerton and Mr. Ownby, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON. JJ., concur.