PAYNE, County Treas., v. TERRELL.

No. 31235.   May 8, 1945.

Rehearing Denied June 19, 1945.

*159 P. 2d 539.*

Everett S. Collins, County Atty., G. B. Chuck Coryell, Successor, County Atty., J. V. Frazier, and R. K. Robertson, all of Sapulpa, for plaintiff in error.

T. L. Blakemore and George H. Jennings, both of Sapulpa, for defendant in error.

DAVISON, J. This is an action instituted on May 22, 1942, to compel the county treasurer of Creek county, Okla., to issue a resale tax deed to certain described property situated in Oilton, Okla. The property was offered for sale at resale, and on May 13, 1942, sold to one R. T. Henshaw. It consisted of three and one-half full lots in block 12 of the original town of Oilton, Okla. Thereafter Henshaw deeded the property to Vesta A. Terrell, plaintiff herein, who then commenced this action in mandamus to compel the county treasurer to issue a resale deed.

On March 12, 1941, House Bill No. 68 (S.L. 1941, pgs. 338-339) became a law. It provided for the payment of taxes of 1939 and prior years on an installment basis, one-fifth for each year for five consecutive years, taxes for subsequent years to be paid in full when due.

Blanche Armstrong, record owner of the real estate involved herein, was a resident of Missouri. She personally paid the 1940 taxes at the office of the county treasurer in January, 1941, and at that time requested a statement of the back taxes so that she might pay the same in installments as authorized by the above act.

On April 23, 1941, she mailed by registered mail her check to the treasurer for the first one-fifth of taxes covering the years 1937, 1938, and 1939. She thought that the taxes for these years were the only delinquent taxes against the premises. This check was lost or misplaced in the latter's office. In January, 1942, Mrs. Armstrong again appeared at the office of the county treasurer and paid the 1941 taxes and offered to pay the second one-fifth installment on the back taxes she thought to be delinquent. This offer of payment was refused because of the uncertainty on the part of the treasurer of the payment of the first installment. Mrs. Armstrong then offered to pay in full all five of the one-fifth annual installments, but a deputy in the treasurer's office asked for time to check up the payment of April 23, 1941, and informed Mrs. Armstrong that she would write her in regard thereto and send her a full statement of all taxes due. The deputy failed to write Mrs. Armstrong and the property was placed on the May, 1942, tax sale, which sale in part covered the taxes for the years above referred to and included several additional years' delinquent taxes.

On May 18, 1942, Mrs. Armstrong again appeared at the treasurer's office and paid two-fifths of the back taxes covering the years above set forth, one-half of this payment having been made in lieu of the lost or misplaced check and with the understanding that pay-

ment on the lost or misplaced check would be stopped.

On June 3, 1942, after the property had been bid off, but before the tax deed had been issued, being within 30 days after the tax sale, Mrs. Armstrong again appeared in the office of the treasurer, obtained a statement of all the delinquent taxes (the statement showed the total amount of $139.16 due and delinquent against the property) and again offered to pay all delinquent taxes as shown upon the statement. The offer of payment was refused because of the controversy as to whether the property should have been advertised or offered for sale, and for the same reason the treasurer refused to execute and deliver a deed to the purchaser at the tax sale or his grantee.

The record in the case is confusing but throughout it appears that the record owner of the property was making a good faith effort to pay all of her taxes. She had received an adjustment of a portion of the delinquent taxes, by virtue of article 14, ch. 66, S.L. 1937, which statute was later declared unconstitutional and void. Ivester v. State ex rel. Gillum, 183 Okla. 519, 83 P. 2d 193. This reduction apparently was confusing both to Mrs. Armstrong and the county treasurer. Her failure to follow the provisions of the law was due to the admitted negligence or misinformation of the county treasurer.

In Headley v. Hall, 191 Okla. 352, 129 P. 2d 1018, this court declared that:

"Where the nonpayment of delinquent taxes against property is due to the misinformation or miscalculation of the tax collector, upon inquiry by the property owner, and the property owner has acted in accord with such misinformation or miscalculation and in good faith done all that was thereby required to discharge his property from the tax burden, any tax deed issued against the property so long as the owner remains in ignorance of another or greater tax burden will be treated as subject to cancellation upon equitable considerations. The fact that the tax collector gave information because of an unconstitutional law does not impart validity to the tax deed."

Also, see Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544; Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825; Alexander v. James, 195 Okla. 309, 157 P. 2d 456.

The situation here is one where a public official realized he had made a mistake and his refusal to issue and deliver deed was due to his desire to correct this error.

The county treasurer was ordered to execute the resale deed and deposit the same with the court clerk pending the disposition of this appeal. The deed was so executed and delivered but has not been delivered to the plaintiff. Plaintiff's check for the purchase price had been returned so the question of tender is not involved.

In the present case it is noted that Blanche Armstrong is not a formal party to the litigation. However, the case was defended by the county treasurer, as defendant, for and on behalf of Mrs. Armstrong just as though she were a party. The evidence offered on behalf of the defendant was the same as would have been introduced on behalf of Mrs. Armstrong had she been a formal party. However, she is a necessary party to the litigation and the court should have required that she be made a formal party to the cause under 12 O.S. 1941 § 236, which reads as follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

The judgment of the trial court is contrary to the views and conclusions herein announced.

Equity requires that Mrs. Armstrong be given 30 days from the spreading of the mandate herein of record to become a party to said cause, and upon the payment of one-half the accrued costs

herein, and if she elects and does become a party to said cause the trial court is directed and ordered to fix a time within which she shall pay all legal taxes, interest, penalties and costs against said lands, and upon such payment the trial court is ordered and directed to cancel the tax deed in the hands of the court clerk, and if said tax payment be not made as directed by the trial court, then and in that event the judgment is affirmed, and the trial court is directed to order the court clerk to deliver to plaintiff said tax deed upon full payment of the purchase price therefor.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, and ARNOLD, JJ., concur. CORN, J., dissents.

CORN, J. (dissenting). I am dissenting to the majority opinion for the reason that I am unable to agree with the statement of facts contained in it.

As I view the evidence in the record, the facts do not bring this case within the principles of law announced in the cases cited, as the owner of the property was not prevented from paying her taxes through the fault, carelessness, mistake, misinformation or miscalculation of the county treasurer, but the property was sold at tax resale because of her disinclination and failure to pay or to tender the full amount required by the statute for redemption.

It was stipulated that the property involved was regularly assessed for taxation for the years 1929 to 1941, inclusive, and was sold at the original tax sale in November, 1930, for the 1929 taxes, and that the notice of the sale was regular and proper; that said property was included in the notice of resale for the year 1942, and that the taxes for the years involved in such resale were indorsed upon the tax certificate by the county treasurer.

The record shows that the property in question was sold at such resale for delinquent taxes for the years 1929, 1930, 1931, 1935, 1937, 1938, and 1939, aggregating, with penalties and costs, the sum of $566.61. She never at any time attempted to pay any portion of the delinquent taxes upon the property for the years 1929, 1930, 1931, or 1935. According to her own testimony, and to her exhibits of a check stub and a copy of a letter dated April 23, 1941, in which she sent a check by registered mail to the county treasurer, it appears that she attempted to pay the one-fifth installment by check in the sum of only $21.19, which she specified as a payment on the 1937, 1938, and 1939 taxes. This check was neither cashed nor credited on the treasurer's records; nor could the treasurer have accepted it because it was grossly inadequate to pay the installment required by the statute to be paid for that year in order to redeem the property. In 1942, after the property had been sold at resale and before the deed was delivered, she came to the treasurer's office and told him that she sent him a check by registered mail in April, 1941, with which to pay that year's installment, and that the property was erroneously advertised and sold at the 1942 resale. The treasurer had no independent recollection of receiving the check and no record of it could be found in his office, and he checked at the post office and found that he had receipted for a registered letter from her at that time, and without further investigation he accepted her statement regarding the matter and withheld delivery of deed to the purchaser's assignee. Thereupon this action was brought to compel delivery of the deed, and at the trial of the cause the evidence failed to support her claim. The evidence affirmatively shows, as above stated, that the check which she claims to have mailed to the county treasurer was grossly inadequate in amount to redeem the property under H. B. 68, ch. 11b, S.L. 1941, which cancels the penalties and costs, and permits the payment of the 1939 and prior delinquent taxes in five equal annual installments, and that the county treasurer was not at fault; but that the fault was all her own in her unwillingness and failure to pay the required amount to redeem the property. She never at any time offered

to pay the full amount required to redeem the property, but instead she attempted to secure an adjustment with the board of county commissioners and to settle the claim for $139.16, after the property was sold.

In consideration of the foregoing facts, the trial court undoubtedly was correct in ordering the issuance and delivery of the deed, and the judgment should not be disturbed.