OKLAHOMA NATURAL GAS COMPANY, a Corporation, Plaintiff in Error,

v.

WHITE EAGLE OIL COMPANY, a Corporation, and Julius Livingston, Defendants in Error.

No. 37037.

Supreme Court of Oklahoma.

April 2, 1957.

Rehearing Denied June 25, 1957.

**880**

Carlson, Lupardus, Matthews, Holliman & Huffman, Tulsa, Hale & Hale and Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiff in error.

Ted R. Fisher, Watonga, Monnett, Monnett & Monnett, Eugene O. Monnett, Tulsa, for defendants in error.

WILLIAMS, Justice.

This is an appeal by Oklahoma Natural Gas Company, a corporation, hereinafter referred to as defendant, from a peremptory writ of mandamus issued by the trial court, which writ directed defendant to connect its transmission line with two gas wells of White Eagle Oil Company and Julius Livingston, hereinafter referred to as plaintiffs, and to purchase and take the gas from such wells, subject, however, to the power of the Corporation Commission of the State of Oklahoma to fix the price and the terms for the enforcement of the purchase and taking so ordered.

This action or proceeding was commenced by the filing of plaintiffs' petition or application for writ of mandamus in which it was alleged that plaintiffs have two commercially producing gas wells in the vicinity of what is known as the Ringwood field in Major County, Oklahoma; that defendant is a common purchaser of gas in the State of Oklahoma, and in the vicinity of the Ringwood field, and that it has a 12½ inch gas transmission line running within a mile and a half of plaintiffs' wells, which line has ample capacity to take the legal allowable gas from plaintiffs' wells; that under the provisions of 52 O.S.1951 § 23, it is the mandatory duty of

defendant to take plaintiffs' gas into said transmission line; that although request and demand has been made by plaintiffs that defendant take said gas into said line, defendant has refused to connect said line with plaintiffs' wells and take said gas. Plaintiffs thereby seek enforcement of the provisions of what is known as the common purchaser provision of the Production and Transportation Act of 1913, 52 O.S. 1951 § 23, supra, through the means of the issuance of a peremptory writ of mandamus ordering and directing defendant to connect its 12½ inch transmission line with the lines from the gas wells of plaintiffs, so as to receive the gas from said wells into said transmission line.

In this appeal, defendant, by its various assignments of error, presents the question of the jurisdiction of the trial court of the issues here involved, as well as the correctness of the trial court's action in issuing the peremptory writ of mandamus.

The remedy by "mandamus" in this state is authorized and governed by statutory provision, namely, 12 O.S.1951 §§ 1451 to 1462, inclusive. It is distinguished from the ordinary civil actions by 12 O.S. 1951 §§ 3 to 5, inclusive, and as therein distinguished, is a "special proceeding". Under 12 O.S.1951 § 1451, such writ may be issued by the Supreme Court or the District Court, to any inferior tribunal, corporation, board or person to compel the performance of any act which the law specifically enjoins as a duty resulting from an office, trust or station. 12 O.S. 1951 § 1452, provides, however, that such writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. In no case will a writ issue unless the applicant therefor show himself entitled to a clear legal right thereto. Bath v. Dumas, 108 Okl. 260, 236 P. 1; Close Bros. & Co. v. Oklahoma City, 77 Okl. 104, 186 P. 931; Strother v. Bolen, 72 Okl. 310, 181 P. 299; City of Shawnee v. City of Tecumseh, 52 Okl. 509, 150 P. 890.

The statute which plaintiffs contend makes it the mandatory duty of defendant

to connect its transmission line with the gas wells of plaintiffs, and to take and purchase the gas therefrom, is 52 O.S.1951 § 23, which provides as follows:

"Every corporation, joint stock company, limited co-partnership, partnership or other person, now or hereafter claiming or exercising the right to carry or transport natural gas by pipeline or pipelines, for hire, compensation, or otherwise, within the limits of this state, is allowed by, and upon compliance with the requirements of this act, as owner, lessee, licensee, or by virtue of any other right or claim, which is now engaged or hereafter shall engage in the business of purchasing natural gas shall be a common purchaser thereof, and shall purchase all the natural gas in the vicinity of, or which may be reasonably reached by its pipelines, or gathering branches, without discrimination in favor of one producer or one person as against another, and shall fully perform all the duties of a common purchaser; but if it shall be unable to perform the same, or be legally excused from purchasing and transporting all the natural gas produced or offered, then it shall purchase and transport natural gas from each person or producer rateably, in proportion to the average production, and such common purchasers are hereby expressly prohibited from discriminating in price or amount for like grades of natural gas or facilities as between producers or persons; and in the event it is likewise a producer, it is hereby prohibited from discrimination in favor of its own production, or production in which it may be interested directly or indirectly in whole or in part, and its own production shall be treated as that of any other person or producer. All persons, firms, associations, and corporation are exempted from the provisions of this act, except from the provisions of section (9) nine hereof, where the nature and extent of their business is such that the public needs no use in the same, and the conduct of the same is not a matter of public consequence, and for this purpose the district courts of the state and the Corporation Commission are hereby vested with jurisdiction to determine such exemptions in any action or proceeding properly before them, and provided by the laws now in force in this state regulating the purchase and transportation of oil. Laws 1913, ch. 99, p. 167, § 3."

Such statute is section 3 of the Production and Transportation Act of 1913. Sec. 14 of such act, which is now 52 O.S.1951 § 34, provides that the Corporation Commission is hereby authorized and empowered to enforce all the provisions of this act, including the employment of requisite help and gas experts to carry out the same, except where jurisdiction is conferred on some other branch of the state government by the Constitution of this state, and that appeals may be allowed from the decision of the Commission to the Supreme Court as now provided by law for appeals in other cases.

Defendant contends that the jurisdiction to enforce the above statute was placed in the Corporation Commission, and that the district court therefore has no jurisdiction. Plaintiffs concede that the Corporation Commission has jurisdiction, but contend that it is not exclusive jurisdiction, and that the district court has concurrent jurisdiction, and that plaintiffs are privileged to select the forum in which to proceed. Plaintiffs also concede that the district court has no jurisdiction to determine the price or specific terms or conditions of delivery of gas from plaintiffs to the defendant, and that such matters are within the exclusive jurisdiction of the Corporation Commission. Plaintiffs, nevertheless, contend that the district court has concurrent jurisdiction, sufficient to enable it to order the connection to be made and the gas taken, even though it cannot go further and determine the price or terms and conditions of the taking or sale. In mak-

ing such contention, plaintiffs rely principally upon the case of Southwestern Natural Gas Co. v. Cherokee Public Service Co., 172 Okl. 325, 44 P.2d 945.

The trial court apparently adopted plaintiffs' theory, because it found that it had no jurisdiction to determine the price or specific terms or conditions of delivery of gas from the plaintiffs to the defendant herein, but that it did have jurisdiction to try the action and grant the writ of mandamus.

The right, if it be a right, which plaintiffs seek to enforce is not one known to the common law nor is it created or guaranteed by our constitution. It is created solely by statutory enactment. The same statute which creates or gives the right provides for the enforcement thereof by the Corporation Commission. The only jurisdiction which such statute gives to the district courts of the state is jurisdiction to determine exemptions from the provisions of the act (that is, whether a particular business is such that the public needs no use in the same and the same is not a matter of public consequence) *in any action or proceeding properly before them and provided by the laws regulating the purchase and transportation of oil in force in this state at the time of the adoption of such statute* (which was 1913). The only laws regulating the purchase and transportation of oil then in effect in this state were those now found in 52 O.S.1951 §§ 51 to 66, inclusive. The only actions or proceedings provided for by such laws are eminent domain proceedings, 52 O.S.1951, §§ 60 and 61, and actions in the nature of criminal prosecutions under the penal code for punishment of violations of such laws, 52 O.S.1951 § 63. It would therefore appear that the only jurisdiction specifically given to the district courts of this state by the statutes in question is jurisdiction to determine exemptions from the provisions of the Act in eminent domain proceedings and in criminal actions brought for the purpose of punishing violators of the Act. The Act also provides for jurisdiction to appoint a receiver for any corporation violating the Act, in a proceeding instituted by the Attorney General upon recommendation of the Corporation Commission, 52 O.S.1951 § 32, which provision, however, is not material here.

Furthermore, in 1917, the legislature enacted a statute now found at 17 O.S.1951 § 52, which provides:

"All authority and duties now conferred upon the Corporation Commission or other departments of the State government in reference to the conservation of oil and gas and the drilling and operating oil and gas wells and the construction and regulation of oil and gas pipe lines, are hereby conferred *exclusively* upon the Corporation Commission." (Emphasis added.)

It would therefore seem that it was never the intention of the legislature that the district courts of this state have jurisdiction of actions or proceedings to enforce the provisions of the "common purchaser" provision of the statute, supra, and that no such jurisdiction was ever vested in such courts. We find it unnecessary to decide such question in this appeal, however, for the reason that even if the trial court had jurisdiction, it erred in issuing the peremptory writ of mandamus in this case.

■ Plaintiffs do not contend that the Corporation Commission does not have jurisdiction to grant the relief sought or that full and complete relief could not be obtained before that body. On the contrary, they concede that the Corporation Commission has the authority and jurisdiction to administer complete relief, including a determination of the price to be paid and the terms and conditions of the taking or sale of gas (which last two items are admittedly beyond the jurisdiction of the district court). They in effect admit that they have a plain and adequate remedy in the ordinary course of the law in the form of the statutory proceeding before the Corporation Commission. They make no complaint concerning the adequacy of such remedy and offer no excuse for their failure to avail themselves of the remedy created by

statute. As already pointed out, the writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. 12 O.S.1951 § 1452; State ex rel. St. Louis-San Francisco R. Co. v. Boyett, 183 Okl. 49, 80 P.2d 201; Grable v. Childers, 176 Okl. 360, 56 P.2d 357; Reisinger v. Hurst, 163 Okl. 92, 20 P.2d 1040; Champlin v. Carter, 78 Okl. 300, 190 P. 679; Excise Board of Love County v. Randolph, 172 Okl. 161, 44 P.2d 953; City of Guthrie v. Stewart, 45 Okl. 603, 146 P. 585; 34 Am.Jur. 835, Mandamus, § 42. Since plaintiffs admittedly have a plain and adequate remedy available, they were not entitled to a peremptory writ of mandamus and the court erred in issuing the same.

The case of Southwestern Natural Gas Co. v. Cherokee Public Service Co., supra, cited and relied upon by plaintiffs is not in point. It does not hold, as plaintiffs contend it does, that where the statutory remedy is not intended to be exclusive, it will not prevent mandamus. If it did so hold, it would be squarely contrary to the common law, the statute above quoted, 12 O.S.1951 § 1452, and all the cases last above cited. It should be noted at this point that it is the adequacy of the statutory remedy which will prevent mandamus and not the mere existence thereof. It is of course true that if the statutory remedy is not adequate to enforce or protect the rights of the plaintiff, it will not prevent the issuance of mandamus, but such is not the case here and no contention is made that it is. The general rule with reference to mandamus is well stated in 34 Am.Jur. 835, Mandamus, § 42, as follows:

"Invented, as it was, for the purpose of supplying defects in justice, mandamus does not supersede legal remedies. To warrant the court in issuing the writ, it must appear that the complaining party has a clear legal right to the performance of the particular duty sought to be enforced and that he has no other plain, adequate and complete method of redressing the wrong or of obtaining the relief to which he is entitled, so that without the aid of the writ, there would be a failure of justice. According to the practice in most jurisdictions, the writ of mandamus does not issue if any other remedy exists which is fully adequate."

There was presented in the case of Southwestern Natural Gas Co. v. Cherokee Public Service Co., supra, the sole question of jurisdiction of the trial court. The questions of the existence or adequacy of another remedy were not involved.

The judgment is therefore reversed and the cause remanded with instructions to deny the writ sought.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON and JACKSON, JJ., concur.