James P. GOEPPINGER, Plaintiff in Error,

v.

W. E. McINTOSH, Treasurer of Tulsa County, Sam W. Fry, Tulsa County Court Clerk, Robert W. Simms, County Attorney, Whit Y. Mauzy, County Judge, Leslie W. Webb, District Judge, W. Lee Johnson, District Judge, Raymond W. Graham, District Judge, and Eben L. Taylor, District Judge, all Conservators of the Court Fund, Defendants in Error.

No. 39942.

Supreme Court of Oklahoma.

Nov. 28, 1962.

Landrith & McGee, Thomas A. Landrith, Jr., Richard K. McGee, Tulsa, for plaintiff in error.

David Hall, County Atty., Donald D. Cameron, Asst. County Atty., Tulsa, for defendants in error.

PER CURIAM.

The present proceeding was instituted below by the plaintiff in error, a judge of the Court of Common Pleas of Tulsa County, who sought to compel, by a writ of mandamus, the payment of his claims for an additional salary asserted to be due him from the Court Fund (of Tulsa County). The parties defendant, joined in their respective ex officio capacities as depositary, administrator and members of the governing board of the Court Fund, were these officials: the county treasurer, court clerk, county judge, county attorney and the district judges (of the District Court of Tulsa County), all of whom are collectively designated in the caption as "conservators" of the Court Fund. In our reference to the parties, plaintiff in error will be called "appellant" and defendants in error "appellees."

The cause was submitted on stipulated facts and the trial resulted in a judgment denying the writ. Appellant seeks corrective relief from this court.

The amount of salary being admittedly disbursed to appellant at all times material hereto is that fixed by the provisions of 20 O.S.Supp.1957 § 670. The cited enactment provides:

"As compensation for the additional duties hereby imposed upon the Judges of the Court of Common Pleas, said Judges shall each receive, in addition to all other compensation now or hereafter provided by law, One Thousand Eight Hundred Dollars ($1,800.00) per year, payable from the Court Fund of the county in monthly installments. *Provided, however, the total annual salary from all sources, shall not exceed Ten Thousand Four Hundred Dollars ($10,400.00)."* (Emphasis supplied).

The quoted statute was enacted as Section 4, H.B. 904, S.L.1957, pp. 146, 147, and by its terms is made applicable specifically and solely to the judges of a Court of Common Pleas established under the provisions of 20 O.S.1951 §§ 651–668, inclusive. See Section 3, H.B. 904, S.L.1957, p. 147; 20 O.S.Supp.1957 § 669. The Court of Common Pleas of Tulsa County was created under these provisions of the statute. See Levine et ux. v. Allen et al., 96 Okl. 252, 221 P. 771. It is conceded that appellant comes within the purview of the salary provisions contained in 20 O.S.Supp.1957 § 670, and that he is presently receiving the amounts specified therein.

Appellant asserts he is entitled to receive from the Court Fund an *additional* stipend in the sum of $1,800.00 by virtue of the provisions of 20 O.S.Supp.1953 § 709, whose terms are:

"In all Counties of the State of Oklahoma having a population in excess of Three Hundred Thousand (300,000) people according to the Federal Census of 1950 or any succeeding Census, wherein there is created a Court of Common Pleas, each Judge of the Court of Common Pleas shall receive *in addition to the salary paid him by the County, under other provisions of the law,* the additional amount of Eighteen Hundred ($1,800.00) Dollars per annum, payable monthly. The additional salary provided for herein, shall be paid from the Court Fund of the County wherein said Court is located." (Emphasis ours).

Both enactments presented here for our consideration, 20 O.S.Supp.1957 § 670, and 20 O.S.Supp. § 709, were in effect in November of 1958, when appellant was elected to his office as Judge of the Court of Com-

mon Pleas of Tulsa County. The former of the two statutes (20 O.S.Supp.1957 § 670) was repealed by H.B. 625, S.L.1961, p. 225, but the repealing act shall be effective "on and after January 7, 1963", or at the end of appellant's present term of office. According to the Federal Census of 1960, which became effective on July 1, 1960, Tulsa County does have a population in excess of 300,000 persons.

Appellant takes the position that commencing with the effective date of the 1960 Federal Census he became entitled, under the terms of 20 O.S.1961 § 709, to an additional stipend from the Court Fund in the sum of $1,800.00 per annum, payable monthly, and the trial court erred in refusing to grant him relief under the petition for a writ of mandamus.

■ Assuming, but not deciding, that on the effective date of the 1960 Federal Census the provisions of 20 O.S.1961 § 709, became "automatically" applicable to appellant as judge of a Court of Common Pleas in a county "having a population in excess of 300,000 people", it does not necessarily follow that appellant comes within the additional salary clause specified in that enactment. Its terms are narrow and do not operate to grant an increase of $1,800.00 over and above all other compensation or emoluments but only "in addition to the salary paid him (appellant) by the County, under other provisions of the law". As is evident from the quoted phrase of the statute, the Legislature clearly contemplated that the additional stipend from the Court Fund should apply solely to those judges of the courts of common pleas who were not receiving any supplemental compensation and whose salary consisted exclusively of emoluments paid by the county under the general provisions of the law. Appellant is not within the class intended to be benefited by Section 709. By the plain terms of 20 O.S.Supp.1957 § 670, his salary does not consist solely of compensation paid by the county; and the specific provisions of that statute, which are applicable only to the judges of the Court of Common Pleas

of Tulsa County, expressly limit his total annual salary from all authorized sources to the aggregate sum of $10,400.00—an amount he is admittedly receiving.

Appellant calls our attention to the decision in Board of Com'rs of Coal County v. Mathews, 147 Okl. 296, 296 P. 481, and points out the rule that an increase of salary, when brought about solely because of a change in population after the election of an officer and in accordance with a statute enacted prior to an officer's election, arises by operation of law within the meaning of Art. 23, Sec. 10, Okla.Const. We find this rule of law entirely inapplicable to the matter under consideration in the present cause.

The issue here is not that of appellant's right to an increase of salary during his term of office. Rather, the question for our determination is whether the terms of 20 O.S.1961 § 709, entitle appellant to receive another stipend from the Court Fund, in addition to all other emoluments paid him under 20 O.S.Supp.1957 § 670.

■ As we construe Sec. 709, the additional salary specified therein contemplates and embraces only those judges of the court of common pleas whose emoluments under the law consist merely of compensation paid by the county. The statute was not intended to further supplement the salary of those who are receiving additional stipends from the Court Fund.

■ The power to create and control the liability of the Court Fund is a matter within the peculiar province of the Legislature. Morrison v. Fry, Court Clerk, 208 Okl. 239, 255 P.2d 270, 272, 273.

■ Mandamus is not a writ of right, and will not issue except to compel the performance of a duty imposed by law. The duty sought to be enforced must be clear and indisputable. Appellant failed to establish that under the terms of 20 O.S.1961 § 709, the Court Fund is liable to pay him a specified stipend in addition to the salary fixed for his office in 20 O.S.Supp.1957 §

670. Excise Board of Love County v. Randolph, 172 Okl. 161, 44 P.2d 953, 954.

The trial court's judgment denying the writ of mandamus is accordingly affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.