W. E. LEE, Jr., Plaintiff in Error,

v.

Juanita Kirk MYLES, Treasurer of Okmulgee County, State of Oklahoma, Defendant in Error.

No. 40376.

Supreme Court of Oklahoma.

March 17, 1964.

Steele & Richeson, Charles B. Steele, O. E. "Pete" Richeson, Okmulgee, for plaintiff in error.

Harry D. Pitchford, County Atty., Okmulgee, Forrester Brewster, Muskogee, Smith & Inglish, Okmulgee, for defendant in error.

DAVISON, Justice.

This is an appeal by W. E. Lee, Jr., (plaintiff below) from a judgment in favor of Juanita Kirk Myles, County Treasurer of Okmulgee County (defendant below) dismissing plaintiff's petition and denying plaintiff's prayer for a writ of mandamus requiring defendant to issue a tax deed. The parties will be referred to as they appeared in the lower court.

Plaintiff filed his petition June 11, 1962, alleging that he was the owner of certain numbered tax certificates issued by the county treasurer and covering five tracts of described rural lands in Okmulgee County; that he had complied with all requirements of the statutes for issuance of tax deeds to him and by reference incorporated in the petition the proceedings of the application for tax deeds on file in the office of the county clerk; that he had requested tax deeds and defendant had refused to issue the same; and prayed for a writ of mandamus directing defendant to issue such deeds to him. An alternative writ of mandamus was served upon defendant.

Defendant filed an answer consisting of a general denial, and (1) admitting plaintiff was the owner and holder of the tax certificates, (2) denying plaintiff had complied with the statutory requirements prerequisite to the issuance of tax deeds, (3) alleging that prior to the execution of any deeds the owner of legal and equitable interests in the lands, namely, Mrs. Charles A. Brown, redeemed the lands by paying to defendant for the use of the holder of the tax certificates all sums required to be paid for redemption of the lands and defendant had issued certain numbered certificates of redemption on May 18, 1962, and duly notified plaintiff thereof, and (4) that defendant had no power, right, authority or jurisdiction to issue tax deeds for the lands so long as the certificates of redemption were in force and effect.

The plaintiff filed a reply consisting of a general denial and denying (1) that Mrs. Brown was the owner of a legal or equitable interest in the lands, or (2) that Mrs. Brown, or anyone else, redeemed the property pursuant to the statutes.

When the matter came on for trial no testimony or documentary evidence was introduced. The record consists entirely of statements and arguments of counsel for the respective parties and presentation of authorities in support of their views and positions. From our reading and analysis of this exchange it appears that it was recognized that redemption certificates were in fact issued and that it was plaintiff's position that such certificates were invalid because the redemption by Mrs. Brown was not by a person owning or having a legal or equitable interest therein as required by 68 O.S.1961 § 433a, and because the redemption did not include accrued costs or expense in connection with the application for tax deed on file in the county clerk's office. Plaintiff's counsel stated the record title was last in other named persons as trustees in 1939. Plaintiff's position to the trial court was that defendant was required to show or justify issuance of the redemption certificates as proper under the above

statutes "otherwise the writ (mandamus) must issue." Defendant's position to the trial court was that the redemption certificates had been issued by her as an official act and their existence prevented or barred her from executing and delivering to the tax certificate holder (plaintiff) a tax deed. There was limited discussion as to making Mrs. Brown a party, but neither party moved or requested the court to take any such action. Plaintiff made no offer of any proof. Both parties stood on their positions.

The trial court, after consideration of these facts and the pleadings, then denied plaintiff's action for mandamus and dismissed the petition.

■ Under our statute, 12 O.S.1961 § 1451, a writ of mandamus may be issued to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station.

■ In Stubbs v. Excise Board of Muskogee County, 173 Okl. 341, 49 P.2d 83, we stated:

"Where issues are joined in a mandamus action, the plaintiff has the burden of proving the clear legal right in himself and a corresponding duty resting upon the defendant in order to authorize the issuance of the peremptory writ."

See also Goeppinger v. McIntosh, Okl., 376 P.2d 605.

■ Under 68 O.S.1961 § 451, one of the conditions to plaintiff's right to secure a tax deed was that the lands had not been redeemed. Sections 452 and 454 of 68 O.S. 1961, collectively, provide that the tax deed is presumptive evidence that the property had not been redeemed at the date of the deed and that the deed state that the property had not "been redeemed as provided by law." It is therefore apparent that a prerequisite for the mandamus writ was that the lands had not been redeemed and a showing by plaintiff that there had been no redemption. Defendant answered that there had been redemption and this was ad-

mitted at the hearing. This was sufficient to show a lack of a clear legal duty on the part of defendant to issue the deed. Plaintiff sought to avoid this result by contending the redemption was not by the owner or a person having a legal or equitable interest in the lands. 68 O.S.1961 § 433a.

In Scales v. Locke, 96 Okl. 226, 221 P. 737, we discussed the effect of a certificate of redemption upon a subsequently issued tax deed and stated relative to the then existing statutes, now appearing as Sections 433a and 451, supra, as follows:

"Under and by virtue of sections 9747, 9749, Comp.Stat.1921, when the county treasurer has issued a certificate of redemption as provided in section 9747, C.S.1921, he is without authority to thereafter issue a tax deed, while said certificate of redemption is in full force and effect."

We also stated in the cited case:

" * * * While there are some authorities that hold the holder of the certificate may ignore a redemption certificate, if the property has been redeemed by some one not authorized, we do think under our statutes that such a rule cannot prevail."

■ In Burnett v. McGrath, 146 Okl. 83, 293 P. 1102, it is urged that a redemption certificate would not invalidate a later resale tax deed because the redeemer had not paid enough to rightfully entitle him to the redemption certificate. We stated:

"The fact remains that he paid all required by the county treasurer, in order to secure the redemption certificate, and as long as that instrument remained in force it served to bar the rightful issuance of the resale tax deed."

■ In view of the legal status or effect of the certificate of redemption announced in the cited cases the defendant was without authority to issue a tax deed to plaintiff while such certificate was in force and effect. If the plaintiff would avoid the effect of the redemption then it was incum-

**492**

bent upon him to take the proper action and furnish evidence to establish the invalidity of the certificate of redemption and to that extent establish his right to the mandatory writ. In the absence of such action by plaintiff there was no showing of a clear legal duty on the party of defendant to issue the tax deed.

■ Plaintiff complains that the trial court erred in not making the redemptioner Mrs. Charles A. Brown a party to the proceedings. As stated, no application or motion was made by plaintiff to make this person a party and we conclude, in view of the authority cited, that plaintiff's position is that the court should have required she be made a party. Plaintiff cites Payne, County Treasurer, v. Terrell, 195 Okl. 589, 159 P.2d 539. The situation here and in that case are not the same. In the cited case Terrell had secured a judgment granting mandamus against the only defendant, county treasurer, requiring the treasurer to issue a resale tax deed to plaintiff Terrell. The defendant treasurer had defended on behalf of the owner and the evidence showed that the owner had attempted to pay the taxes but had been prevented from doing so by reason of the fault of the treasurer. Through no fault of the owner the resale tax deed was due to be issued because the taxes were unpaid. This court held the lower court should have required that the owner be made a party so her rights would not be prejudiced and she could protect her rights in the property. In the instant case the taxes have been paid and redemption certificates have issued and no tax deed will issue unless and until the force and effect of such certificates has been terminated by proper action on the part of the plaintiff. The trial court determined the issues between the present parties, and held the writ should not be granted, and in the absence of a request to make Mrs. Brown a party and enlarge the issues to include her, the trial court was not required

to impose its will upon the parties and make such an order.

Affirmed.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.